## FAIRBANKS *v.* DIRECTOR OF PATUXENT INSTITUTION

[App. No. 4, September Term, 1961.]

*Decided September 26, 1961.*

Before BRUNE, C. J., and HENDERSON, HAMMOND, PRES-COTT, HORNEY and MARBURY, JJ.

PRESCOTT, J., delivered the opinion of the Court.

The application for leave to appeal in this case, filed before our decision in *Purks v. State,* 226 Md. 43, 171 A. 2d 726, is controlled by that decision.

The applicant, after hearing, was determined to be a defective delinquent by a judge of the Criminal Court of Baltimore, sitting without a jury. It appears that Dr. Boslow, the Director of Patuxent Institution, in testifying as to his report made pursuant to Code (1957), Article 31B, Section 7 (a), read all or a part of the following reports, which were con-

tained in said report: report of a social worker (Children's Psychiatric Service) prepared some years ago, when applicant was under examination at Johns Hopkins Hospital; report of the criminal psychologist at the Maryland State Reformatory for Males, who examined applicant when confined in that institution in 1948; report of the criminal psychologist of the Maryland House of Correction, who examined applicant when he was incarcerated in that place of confinement in 1956; report of Dr. Guttmacher, psychiatrist and Chief Medical Officer of the Supreme Bench of Baltimore City, who examined applicant at the direction of the Criminal Court of Baltimore in 1960; and the recent reports of two psychologists on the staff of Patuxent Institution.

Counsel for the applicant was correct in noting that the reports objected to in *Purks, supra,* were "substantially similar to those alleged to have been erroneously admitted in this case." In *Purks,* we sustained the trial court in permitting Dr. Boslow to testify "generally as to the information that had been collected about the appellant, including his previous and present offenses and his medical, military and marital history, before he was asked to state the result of the staff interview with the appellant," and over objection that part of the report was hearsay, we also sustained the trial court in permitting Dr. Boslow to read from the report the impressions and conclusions of the staff psychologists and psychiatrists.

The reason for our ruling in *Purks* was that by Section 7 (a) of said Article 31B the legislature, by clear implication, has made the report required by said section admissible as evidence in hearing on the question of defective delinquency. Section 7 (a) requires the persons making the examination of the potential defective delinquent to "assemble all pertinent information about the person to be examined * * * including * * * copies of any probation or other reports which may have been made about him, and reports as to his social, physical, mental and psychiatric condition and history." And they are required to make a written report of their findings to the court, which report would be of little value unless it contained the bases for their findings. We hold the testimony objected to in the instant case comes well within that contemplated as

being admissible by Section 7 (a), and, therefore, there was no error in admitting the same.

In addition to his general right to have witnesses summoned in order to question them concerning their reports, *et cetera,* the alleged defective delinquent, by Section 8, is specifically "given full opportunity to summon witnesses to and present evidence at [his] hearing."

*Application denied.*