## BLAKNEY *v.* DIRECTOR OF PATUXENT INSTITUTION

[App. No. 14, September Term, 1962.]

*Decided October 31, 1962.*

Before BRUNE, C. J., and HENDERSON, PRESCOTT, HORNEY, MARBURY and SYBERT, JJ.

PER CURIAM.

On February 1, 1961, Roger F. Blakney, the applicant, then seventeen years old, deliberately started a fire at the out-patient clinic of a hospital, which did extensive damage.[1] He was indicted for arson, at first pleaded not guilty, was examined by a medical examiner of the Supreme Bench of Baltimore City, later pleaded guilty, and was sentenced in April, 1961, by Chief Judge Niles to not more than five years' imprisonment in the Reformatory for Males, but was ordered to be sent to the Patuxent Institution for examination and report. The report of the Supreme Bench Medical Examiner, dated March 3, 1961, stated in part that in view of "the marked limitations of the patient, both intellectually and emotionally," it was to his interest and that of society that he be returned to Boys' Village, that he was not "overtly psychotic" at the time and therefore commitment to a mental hospital was not in order, and then continued: "Though the patient is not felt to be sufficiently disturbed to fall into the category of a defective delinquent, he may very well end up fulfilling that category." On March 19, 1962, Judge Byrnes, sitting without a jury, found Blakney to be a defective delinquent and ordered him committed to Patuxent. He seeks leave to appeal.

The application for leave to appeal claims that Judge Byrnes' finding was erroneous in that the State failed to meet the

1. Blakney has given at least two explanations for this act—one that he was mad because he had to escort a younger brother on a long walk to the hospital, the other that he wanted to start "enough of a fire" so that he would be sent back to Boys' Village, where he had spent much of his youthful life, apparently more happily than at home.

burden of proof to establish Blakney's defective delinquency, and asserts that the State's testimony consisted solely of the oral testimony of Dr. Harold M. Boslow, who read the report of the Patuxent Institution, which concluded that Blakney was a defective delinquent, and the record in the arson case, which included the report of the Supreme Bench Medical Examiner above referred to. The Patuxent report on Blakney is a full one. It shows a rather pathetic childhood and a poor record, which includes one serious prior offense, a conviction in 1959 for burglary. The application does not refer to the report of a private psychiatrist reporting upon an examination of Blakney made in February, 1962, which concluded that he "would fall under the definition of defective delinquent." This report is a part of the record and was filed on the date of the hearing.

We see no basis in fact which would have sustained the applicant's motion for a directed verdict or which would now call for a review by this Court of Judge Byrnes' determination that Blakney was a defective delinquent. Granting that there was some conflict in expert opinion (which seems not great), this was a matter to be resolved by the trier of the facts. A reading of the medical reports does not indicate to us that his conclusion was in error—still less that it was clearly so.

*Application denied.*