## FAULKNER *v.* DIRECTOR OF PATUXENT INSTITUTION

[App. No. 31, September Term, 1962.]

*Decided January 22, 1963.*

Before the full Court.

PRESCOTT, J., delivered the opinion of the Court.

After a jury, in the Circuit Court for Talbot County, found applicant to be a defective delinquent and he was committed to the Patuxent Institution, he requested leave to appeal.

He raises six contentions:

1. Your petitioner was never examined by Dr. Boslow, the only witness appearing against him, except at one staff meeting; any examination he received never lasted more than fifteen minutes.

2. That the jury's finding that your petitioner was a defective delinquent was in error in that it was contrary to the evidence and against the weight of the evidence.

3. That your petitioner's assigned counsel at the hearing allowed the entire hospital record to be introduced without examining the same.

4. Erroneous and prejudicial testimony was given by Dr. Harold M. Boslow with respect to my record of prior convictions.

5. The State's Attorney made improper and highly prejudicial statements to the jury not consistent with the evidence.

6. That all or a majority of the evidence used against your petitioner was hearsay and inadmissible, no opportunity was given to cross-examine individuals who made up the report.

(1) and (2). These bear solely on the weight of the evidence, as distinguished from its sufficiency to support a finding of defective delinquency; hence they are not available as a ground for leave to appeal. We may note, however the record discloses that applicant was carefully examined, and an adequate history of his stay at Patuxent was maintained.

(3). His contention here challenges either the trial tactics of his counsel or the counsel's ineptitude. It is well settled that the Court of Appeals does not review the efficacy of trial

tactics of counsel, *Proctor v. Warden,* 227 Md. 660, 661, 177 A. 2d 404; and the lack of efficiency of counsel is not reviewable, even in a criminal case, unless the inability of counsel was so great as to have made a farce out of the proceeding. *Smallwood v. Warden,* 205 F. Supp. 325, (U.S. D.C. Md.) ; *Jones v. Cunningham,* 297 F. 2d 851 (C.A. 4th). Appellant makes no such showing here.

(4), (5), and (6). We think these contentions are stated in entirely too general language to comply with Maryland Rule 894 a 2 (a) ; and, in fact, amount to no more than bald allegations of the applicant's conclusions. Rule 894 a 2 (a) provides that the application for leave to appeal "shall contain a concise statement of the reasons why the order should be reversed or modified, and shall include a list of the errors allegedly committed by the lower court." The terms "concise statement of the reasons" and the "list of the errors," as here used, mean just what they say, and require a brief statement of facts setting forth the reasons why the order should be reversed or modified, and a list of the alleged errors committed by the trial court; and these requirements are not fulfilled by a mere statement of the conclusions of the applicant.[1] For examples, contention (4) should have given a concise statement of the alleged "erroneous and prejudicial" testimony of Dr. Boslow; contention (5) should have briefly summarized the "improper" statements of the State's Attorney; and (6) should have succinctly pointed out the "hearsay and inadmissible" evidence.[2]

*Application denied.*

---

1. Compare Barbee v. Warden, 220 Md. 647, 151 A. 2d 167; Edwards v. Warden, 221 Md. 575, 155 A. 2d 903; Diggs v. Warden, 221 Md. 624, 157 A. 2d 453; Spencer v. Warden, 222 Md. 582, 158 A. 2d 317; Matthews v. Warden, 223 Md. 649, 161 A. 2d 452.

2. If under (6) it is applicant's claim that the report required by Code (1961 Cum. Supp.), Art. 31B, § 7 (a), is hearsay, see Schultz v. Director, 227 Md. 666, 177 A. 2d 848; Simmons v. Director, 227 Md. 661, 177 A. 2d 409, where we held such reports admissible due to the statute. Of course, Art. 31B, § 8 (a), specifically affords the right to an alleged defective delinquent to summons the persons he desires. By this means, he could question anyone who participated in making up the report.