# BULLOCK *v*. DIRECTOR OF PATUXENT INSTITUTION

[App. No. 60, September Term, 1962.]

630

*Decided May 15, 1963.*

Before Brune, C. J., and Prescott, Horney, Marbury and Sybert, JJ.

Prescott, J., delivered the opinion of the Court.

This is an application for leave to appeal from an order of the Criminal Court of Baltimore, after jury verdict, committing applicant to the Patuxent Institution as a defective delinquent. This order was dated November 20, 1962. After being found guilty of several criminal offenses and being sentenced therefor in October, 1960, applicant has flooded the state trial courts, the Federal Courts and this Court with a number of lengthy petitions and applications. These include at least seven petitions for writs of habeas corpus; petition for change of venue on defective delinquency and an appeal to this Court on the ruling relative to such change of venue; petition under U.P.C.P.A. as to his original convictions; and this 22 page petition for leave to appeal, supplemented by some five attempts to add to the same.

Many of his contentions are repetitious, and a number of them attempt to set forth errors in the trial courts in trials which resulted in his original convictions and in refusing his many petitions for writs of habeas corpus. Errors in original convictions may be raised by direct appeal, but not by way of application for leave to appeal from a commitment for defective delinquency; and there is no appeal in Maryland from the denial of release after hearing on habeas corpus. Hence, these contentions will not be answered separately and individually. We shall take up all of his remaining contentions that have a semblance of substance and answer them.

He complains that he was not tried as a defective delinquent before the expiration of his original sentence, although he had been sent to Patuxent long before such expiration. (It may not be inappropriate to mention that the delay in his trial on the question of defective delinquency was due, in large part, to legal maneuvers of the applicant.) The same complaint was made and rejected in *Roberts v. Director,* 226 Md. 643, 172 A. 2d 880.[1]

He states that it was error to admit into evidence his past record as shown by the records of the juvenile and magistrate's courts. Evidence of prior anti-social behavior is admissible in cases of this nature. *Height v. State,* 225 Md. 251, 170 A. 2d 212.

He alleges a violation of his rights under Code (1957), Article 31 B, § 4 (c) (2) when his status as "a possible defective delinquent" was determined as of February 28, 1961 (there is nothing in the record to substantiate this other than the bald statement of the applicant), but the report was not filed until August 1, 1961, and he was not served with a copy thereof. The above statute did provide that Patuxent should "promptly" file a report with the court when it believed a person "to be a possible defective delinquent," and serve a copy upon said person. However, because of the result we reach at the end of this opinion, we find it unneces-

---

1. For the statutory provisions relating to this question shortly to be effective, see the Acts of 1963, Chapter 283.

sary to determine whether applicant was prejudiced by this contention (even if true), and we leave the question open.

He claims that after his original sentence expired, he was entitled to bail. There is nothing in the record to show he requested bail; there is nothing in Article 31 B which authorizes bail for a person being held at Patuxent; and, since the proceedings against an alleged defective delinquent are civil in nature, it would be improper to require bail of such a person pending trial.

He contends that the trial court abused its discretion in not granting a postponement of his trial set for November 5, 1962. The thrust of this complaint is that he wanted to change counsel and the court would not postpone the trial date so as "to allow counsel not less than 30 days to prepare his case." Article 31 B, § 8 (b). The short answer to this claim is that the granting of a postponement of trial is, generally, in the discretion of the trial court. Although he obtained additional counsel shortly before the trial, the applicant actually had counsel of record from August 20, to November 5, 1962, some two and one-half months.

He also contends his counsel was incompetent. We do not review the effectiveness, *vel non,* of the trial tactics of lawyers; and ineptitude of counsel is not reviewable, even in a criminal prosecution, unless the incompetence of counsel was so great as to have made a farce out of the proceedings. *Faulkner v. Director,* 230 Md. 632, 187 A. 2d 473. It may be noted at this point that the psychiatrist selected by the applicant to examine him stated, "* * * in my opinion, [he] meets the criteria for defective delinquency and should be committed to Patuxent."

The trial below was held on November 5, 1962. Prior thereto, the Criminal Court of Baltimore had ordered the case removed to Howard County for trial. This was on, or about, December 30, 1961. The State moved to remand the cases to the Criminal Court of Baltimore. This motion was granted on July 18, 1962, and the applicant appealed to this Court. Our opinion affirming this remand was filed on December 17, 1962. This means, of course, that the applicant was tried below at a time when his appeal to test whether the court in Howard

County or in Baltimore City was the proper tribunal to conduct the trial was pending.

An appeal to this Court from a *nisi prius* court does not necessarily stay all further proceedings in the trial court, nor does it strip said court of all power over the proceeding in which the appeal has been taken.[2] The trial court may act with reference to matters not relating to the subject matter of, or affecting, the proceeding; make such orders and decrees as may be necessary for the protection and preservation of the subject matter of the appeal; and it may do anything that may be necessary for the presentation of the case in this Court, or in furtherance of the appeal. But, when an appeal is taken, it does affect the operation or execution of the order, judgment or decree from which the appeal is taken, and any matters embraced therein. After the appeal has been perfected, this Court is vested with the exclusive power and jurisdiction over the subject matter of the proceedings, and the authority and control of the lower court with reference thereto are suspended.[3]

In the appeal from the order of the Circuit Court for Howard County, *Bullock v. State,* 230 Md. 280, 186 A. 2d 888, the "meat," or subject matter, of the appeal was whether that court or the Criminal Court of Baltimore had jurisdiction to determine the question of Bullock's defective delinquency. The power of the Criminal Court of Baltimore to make this determination (although we decided that that court was the proper one to try him) was, we think, suspended during pendency of the appeal, during which time this Court had ex-

---

**2.** It will be noted that we are not dealing with any question of a stay or the requirement of a supersedeas bond.

**3.** Barnum v. Barnum, 42 Md. 251, 294; Frisch v. Frisch, 150 Md. 271, 132 A. 627; Eastern States Corp. v. Eisler, 181 Md. 526, 535, 30 A. 2d 867; Collier v. Collier, 182 Md. 82, 32 A. 2d 469; Dietrich v. Anderson, 185 Md. 103, 43 A. 2d 186; Giles v. diRobbio, 186 Md. 258, 46 A. 2d 611; Cook v. Boehl, 188 Md. 581, 53 A. 2d 555; Tiller v. Elfenbein, 205 Md. 14, 106 A. 2d 42; Visnich v. Wash. Sub. San. Comm., 226 Md. 589, 174 A. 2d 718; 4A C. J. S., Appeal & Error, §§ 605-607; 4 Am. Jur. 2d, Appeal and Error, §§ 352, 355, 357.

clusive jurisdiction over the subject matter of said appeal. Hence, the case must be remanded for a new trial.

*Application for leave to appeal granted and case remanded for a new trial.*