## BROWN *v.* DIRECTOR OF PATUXENT INSTITUTION

[App. No. 113, September Term, 1963.]

*Decided February 12, 1964.*

Before HENDERSON, HAMMOND, PRESCOTT, HORNEY, MARBURY and SYBERT, JJ.

HENDERSON, J., delivered the opinion of the Court.

This is an application for leave to appeal from a redetermination of defective delinquency. In the first determination in 1961, from which no application for leave to appeal was filed, the applicant availed himself of his statutory right to examination by a private psychiatrist and chose Dr. Lerner. However, Dr. Lerner reported that while not psychotic or a definite mental defective, the patient was emotionally unstable, with criminal propensities and to be classified as a defective delinquent in accordance with the State law. Dr. Boslow, the Director of Patuxent, also found him to be a defective delinquent. On redetermination in September, 1963, Dr. Lerner reported that he

thought the patient sufficiently recovered to be no longer a danger to himself or others, but Dr. Boslow read from and commented upon a staff report prepared as a result of a staff conference held three days before the hearing. Dr. Boslow recognized that the patient had improved, but recommended that he be retained at Patuxent. He stated that he felt the applicant would get into difficulty if released, and "quickly lapse * * * [into] anti-social behavior." He testified also that the patient "still displays a psychopathic reaction." Judge Byrnes, who heard the case without a jury, found him to be a defective delinquent and recommitted him to Patuxent.

The applicant contends that there was no evidence to support the finding, and apparently argues that in a redetermination proceeding there must be new facts and a new record to show anti-social conduct. The argument was disposed of in *Simmons v. Director,* 231 Md. 618, 624, where it was pointed out that in a redetermination "the overriding consideration is whether it is 'reasonably safe for society to terminate the confinement and treatment'." In the light of Dr. Boslow's testimony we cannot say that the finding of the trial court was clearly wrong.

*Application denied.*