CRESWELL *v.* DIRECTOR OF PATUXENT
INSTITUTION

[App. No. 126, September Term, 1963.]

*Decided March 13, 1964.*

Before BRUNE, C. J., and HENDERSON, PRESCOTT, HORNEY
and MARBURY, JJ.

PER CURIAM.

This is an application for leave to appeal from a redetermination of defective delinquency. At the first hearing, in 1961, the reports of Dr. Boslow, the Director of Patuxent, and Dr. Lerner, the applicant's duly appointed private psychiatrist, were

in evidence and were considered by the jury in its finding of delinquency. The conclusion of both reports was that the applicant was a defective delinquent as defined in Code (1957), Art. 31B, sec. 5. The applicant was represented by court-appointed counsel and no application for leave to appeal was filed from this finding. At the redetermination in October, 1963, Dr. Lerner reported that the applicant had "shown marked improvement to the point that he [could] be released without a danger to himself or to others." This second hearing was before Judge Byrnes, sitting without a jury. The applicant's sole contentions are that the redetermination of delinquency was against the weight of the evidence and, in the alternative, entirely without evidence to support it. But Dr. Boslow testified at length at this hearing from a staff report made only three days before the hearing. This report was made after an examination of the applicant by the staff, and the conclusion marked was that he still was a defective delinquent. In a redetermination hearing there need not be new facts and a new record to show anti-social conduct. *Brown v. Director,* 234 Md. 605. As was pointed out in *Simmons v. Director,* 231 Md. 618, 624, the "overriding consideration is whether it is 'reasonably safe for society to terminate the confinement and treatment' ". The testimony of Dr. Boslow, speaking also for the board of Patuxent's medical staff, clearly was that the applicant could not qualify for release under this test. We cannot say that the trial judge was clearly wrong in his determination.

*Application denied.*