## COOPER *v.* DIRECTOR OF PATUXENT INSTITUTION

[App. No. 110, September Term, 1963.]

*Decided March 16, 1964.*

Before BRUNE, C. J., and HENDERSON, PRESCOTT, HORNEY and MARBURY, JJ.

HORNEY, J., delivered the opinion of the Court.

In this application for leave to appeal from a recommitment order passed by the trial court upon a jury finding of defective delinquency on his petition for a review, the applicant alleges: (1) that the only evidence (other than the psychiatric reports) showing that he was still a defective delinquent was that of the director of Patuxent; (2) that the evidence as a whole was legally insufficient to support the finding of defective delinquency; (3) that the verdict of the jury was erroneous in that it was against the evidence; and (4) that the verdict was against the weight of the evidence.

There was evidence that the applicant had changed his antisocial attitude and had shown marked improvement in his study and work habits. There was also evidence that he had not evidenced any further propensity toward criminal activity while he was absent from Patuxent without leave for four months following the last home visit from which he had not returned as scheduled. But there was also the expert opinions of the psychiatrists, including the one he had chosen, to the effect that the applicant, because of his continuing intellectual deficiency and emotional unbalance, was still a defective delinquent.

All the assigned reasons for granting leave to appeal are clearly without merit. The first, third and fourth allegations relate to and bear solely on the weight of the evidence as distinguished from its sufficiency to support the verdict of the jury and are therefore not available as grounds for leave to appeal. *Faulkner v. Director,* 230 Md. 632, 187 A. 2d 473 (1963). The second allegation, to the effect that the whole of the evidence was insufficient to warrant a finding of defective delinquency is not supported by the record since the expert evidence was unanimous that the applicant was still intellectually deficient and emotionally unbalanced. In defective delinquency cases, where the triers of facts necessarily have to rely to a considerable degree on the opinions of expert witnesses, the expert findings and conclusions of psychiatrists should be accorded very serious consideration. *Purks v. State,* 226 Md. 43, 171 A. 2d 726 (1961) ; *Palmer v. State,* 215 Md. 142, 137 A. 2d 119 (1957).

*Application denied.*