## COLBERT *v.* DIRECTOR OF PATUXENT INSTITUTION

[App. No. 141, September Term, 1963.]

*Decided April 27, 1964.*

Before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT, HORNEY, MARBURY and SYBERT, JJ.

HORNEY, J., delivered the opinion of the Court.

This application for leave to appeal from a recommitment order by the lower court after a second determination of the status of the applicant as a defective delinquent was remanded in *Colbert v. Director,* 232 Md. 634, for further proceedings. A

determination having been made upon remand that the applicant was an indigent, the application, through inadvertance, was sent back to this Court, whereupon the case was again remanded under an order directing the lower court to allow the applicant to proceed as an indigent and to appoint counsel to represent him in connection with his application for leave to appeal.

. In an amended application prepared by his court-appointed counsel, the applicant alleges: (1) that the finding of the lower court was against the clear weight of the evidence since the applicant produced witnesses and testimony extremely favorable to him; and (2) that the evidence was legally insufficient to support a finding of defective delinquency because the only testimony showing that he was still a defective delinquent was given by the director of Patuxent after a recent examination lasting only a short time. Both of the assigned reasons for granting leave to appeal are without merit.

The first contention relates to and bears only on the weight of the evidence, as distinguished from its sufficiency to support the finding of the lower court, and is therefore not available as a ground for leave to appeal. *Cooper v. Director,* 234 Md. 622; *Muhly v. Director,* 234 Md. 624.

The implication of the second contention, concerning the sufficiency of the evidence, is that the director's conclusion as to the present condition of the applicant was based only on information acquired in earlier rather than recent examinations. The contention is without merit, for the conclusion was undoubtedly based on all of the examinations that had been made. It seems clear to us that if the opinions of psychiatrists and psychologists are to have real probative value in determining present intellectual adequacy and emotional stability, the conclusion reached by such a witness cannot be limited to the findings resulting from recent examinations, but should be based on all information, both past and present, of which the witness has any knowledge. While there was no reason why the director should not have been questioned as to the specific information on which he relied in arriving at his opinion, it is certain that the scope of the inquiry could not be restricted to the knowledge acquired in either earlier or recent examinations.

Whether or not the applicant, because of his continuing intellectual deficiency and emotional unbalance, was still a defective delinquent was, of course, a question for the trier of facts to decide. *Cooper v. Director, supra.* There was sufficient evidence to support the finding of defective delinquency.

*Application denied.*