## ASH *v.* DIRECTOR OF PATUXENT INSTITUTION

[App. No. 65, September Term, 1964.]

*Decided February 5, 1965.*

Before PRESCOTT, C. J., and HAMMOND, HORNEY, MARBURY, SYBERT, OPPENHEIMER and BARNES, JJ.

PRESCOTT, C. J., delivered the opinion of the Court.

In this application for leave to appeal from the third determination (the original and two redeterminations) that applicant is a defective delinquent, he raises four contentions. It will be unnecessary to set them forth in detail, for together they simply claim that the evidence was insufficient to sustain the finding that applicant was a defective delinquent, that Chief

Judge Manley's finding that applicant was a defective delinquent was "clearly erroneous in that it was against the weight of the evidence," and that the persons who prepared the reports upon which Dr. Boslow, the Director of Patuxent Institution, based his testimony were not present in court for cross-examination.

Answering these questions in reverse order, we have held that the report made by the institution under Code (1964 Cum. Supp.), Article 31B, Section 7 (a), is made admissible at the hearing on defective delinquency by the statute. *Schultz v. Director,* 227 Md. 666. Article 31B, Section 10 (a), explicitly makes any witnesses desired by the applicant subject to being summoned, and Section 8 (b) makes all papers, reports, etc. available to his counsel; hence, had applicant desired to examine any person or persons who participated in the preparation of the report, they would have been present at the hearing by a simple request that they be summoned.

There is no transcript of the proceedings at the hearing, and none is required unless ordered by the Court. Maryland Rule 894 a 3. A reading of the memorandum submitted by the applicant clearly shows that the evidence was sufficient to have taken the case to the jury, had the hearing involved a jury trial. The institutional report stated that in the opinion of the experts of the institution, the applicant was still a defective delinquent, and gave the reasons for the experts' conclusions. There was some evidence that conflicted with the conclusions in the report, but this merely raised questions of facts to be determined by the trial judge as the trier of such facts, and his determination thereof will not be disturbed by us unless it is clearly erroneous. Maryland Rule 886 a. After a reading of the evidence, as it is set forth in applicant's memorandum, we think it amply supports Chief Judge Manley's finding.

*Application denied.*