### FAIRBANKS v. DIRECTOR OF PATUXENT INSTITUTION

[App. No. 92, September Term, 1964.]

*Decided February 5, 1965.*

Before PRESCOTT, C. J., and HAMMOND, HORNEY, MARBURY and OPPENHEIMER, JJ.

MARBURY, J., delivered the opinion of the Court.

This is an application for leave to appeal from an order of the Criminal Court of Baltimore, dated October 2, 1964, finding the applicant to be a defective delinquent and recommitting him to Patuxent Institution under the provisions of Code (1957, 1964 Cum. Supp.), Article 31B. He was found guilty of sodomy on February 26, 1960, and on April 1 of that year was sentenced to one year in the Maryland House of Correction, and subsequently transferred to Patuxent Institution for evaluation, after a hearing. He was committed to that institution by Judge Manley on March 17, 1961, and his application for leave to appeal from that determination and commitment was denied by this Court on September 25, 1961. *Fairbanks v. Director,* 226 Md. 661, 173 A. 2d 913. On January 30, 1962, applicant filed a petition under the Post Conviction Procedure Act, which was denied on November 15, 1962, but no application for leave to appeal was filed from the denial of relief under that Act. On March 19, 1964, applicant requested a rehearing on the question

of his defective delinquency, and on October 2, 1964, he was again determined to be a defective delinquent by Chief Judge Manley, sitting without a jury, and recommitted to the Patuxent Institution. From this order applicant now seeks leave to appeal, alleging that the lower court committed the following errors:

1. That the verdict of the court was against the weight of the evidence.
2. That the evidence was insufficient for a finding of defective delinquency.
3. That the evidence produced by the State, through Dr. Boslow, was brief and not factually sufficient.
4. That the evidence produced by Dr. Schneidmuhl indicates that the applicant is non-psychotic.
5. That the testimony of the applicant should have been controlling and the verdict, therefore, was against the weight of the evidence.

Applicant's contentions 1 and 5 are without merit as they relate to and bear solely on the weight of the evidence, as distinguished from its sufficiency to support the finding of the lower court, and are therefore not available as grounds for leave to appeal. *Colbert v. Director*, 234 Md. 639, 199 A. 2d 801; *Cooper v. Director*, 234 Md. 622, 198 A. 2d 301.

His contentions 2, 3, and 4 attack the sufficiency of the evidence. An application for leave to appeal is required to "* * * contain a concise statement of the reasons why the order should be reversed or modified, and shall include a list of the errors allegedly committed by the lower court." Maryland Rule 894 a 2 (a). These contentions of the applicant are not supported by the record. They are bald allegations of insufficiency of the evidence without factual support and the requirements of the rule are not met. *Faulkner v. Director*, 230 Md. 632, 187 A. 2d 473.

The reports of the Director of Patuxent Institution and a psychiatrist of the applicant's own choice show him to be a defective delinquent under the statutory tests. Code (1964 Cum. Supp.), Article 31B, Section 5. Dr. Schneidmuhl, the psychiatrist of the applicant's own choice, reported as to the applicant:

"* * * Although not psychotic, he is unable to control his impulsive behavior for any length of time and, without proper supervision and treatment, will most likely continue his anti-social activities." In its definition of defective delinquency, Section 5, *supra*, does not require that an individual be found to be psychotic in order to come within the meaning of that term. Since the opinions of expert witnesses in a case such as this should be accorded serious consideration, the sufficiency of the evidence to support the determination of the lower court is manifest. *Silvestri v. Director*, 234 Md. 641, 199 A. 2d 784.

*Application denied.*