## SCHLATTER *v.* DIRECTOR OF PATUXENT INSTITUTION

[App. No. 64, September Term, 1964.]

*Decided March 12, 1965.*

Before Prescott, C. J., and Hammond, Horney, Marbury, Oppenheimer and Barnes, JJ.

MARBURY, J., delivered the opinion of the Court.

This is an application for leave to appeal from an order of the Criminal Court of Baltimore, dated May 4, 1964, finding the applicant to be a defective delinquent and committing him to Patuxent Institution under the provisions of Code (1957, 1963 Cum. Supp.), Article 31B. On May 24, 1963, he was found guilty of burglary and after a pre-sentence investigation report made by the Probation Department of the Supreme Bench of Baltimore City filed July 30, he was sentenced on August 27 to not more than two years in the Maryland Institution for Men. On October 22, he was transferred to Patuxent Institution for examination and evaluation. After a hearing at which he was represented by court appointed counsel, he was found to be a defective delinquent. In this application, he contends:

1. That the verdict of the court was erroneous and against the weight of the evidence.
2. That the court erred because there was no evidence legally sufficient to support its findings that applicant was a defective delinquent.
3. That the only witness for the State, Dr. H. M. Boslow, testified that the applicant was a defective delinquent based on his examination of the applicant and the records of Patuxent Institution.
4. That the court admitted into evidence, over objection, the confidential and privileged juvenile record of the applicant.
5. That the court refused to admit into evidence the report of the Probation Department of Baltimore dated July 30, 1963.
6. That the testimony of the applicant and his mother showed that he had been rehabilitated, had properly re-adjusted his attitude toward society and was prepared to conduct himself as a law-abiding citizen in the community; and that he did not require the supervision and control as imposed at Patuxent Institution.

Applicant's contentions 1 and 6 are without merit as they relate and bear solely on the weight of the evidence as distin-

guished from its sufficiency to support the finding of the lower court, and are, therefore, not available as a ground for leave to appeal. *Colbert v. Director,* 234 Md. 639, 199 A. 2d 801; *Cooper v. Director,* 234 Md. 622, 198 A. 2d 301.

His contention 2 attacks the sufficiency of the evidence. An application for leave to appeal is required to "* * * contain a concise statement of the reasons why the order should be reversed or modified, and shall include a list of the errors allegedly committed by the lower court." Maryland Rule 894 a 2 (a). This allegation is not supported by the record but is a bald assertion of insufficiency of the evidence without factual support. Dr. H. M. Boslow, Director of Patuxent Institution, and Dr. W. N. Fitzpatrick, who was consulted at the request of applicant's counsel, testified that he was a defective delinquent. *Fairbanks v. Director,* 237 Md. 447, 206 A. 2d 699.

Applicant's contention 3 is without merit. We have held that reports of the Patuxent Institution and of examining psychologists are admissible in evidence in a case where the question was whether the individual was a defective delinquent. *Pierson v. Director,* 235 Md. 654, 202 A. 2d 644; *Purks v. State,* 226 Md. 43, 171 A. 2d 726. His contention 4 must fail because evidence of prior anti-social behavior is admissible in cases of this nature. *Bullock v. Director,* 231 Md. 629, 190 A. 2d 789. His contention 5 must also fail absent a statement as to why or how it was prejudicial to him. He merely states a conclusion which is an insufficient basis for granting leave to appeal. *Faulkner v. Director,* 230 Md. 632, 187 A. 2d 473.

*Application denied.*