## RICE *v.* DIRECTOR OF PATUXENT INSTITUTION

[App. No. 100, September Term, 1964.]

*Decided March 12, 1965.*

Before PRESCOTT, C. J., and HAMMOND, HORNEY, MARBURY, OPPENHEIMER and BARNES, JJ.

HORNEY, J., delivered the opinion of the Court.

This nineteen year old applicant, who had been previously convicted of housebreaking, was subsequently found to be a defective delinquent by a jury, and now seeks leave to appeal.

In a petition filed in proper person, the applicant, claiming that he is not a defective delinquent within the meaning of the statute and that his detention as such is a denial of equal protection and constitutes cruel and unusual punishment, contends that he is mentally retarded and should be confined in Rosewood State Hospital rather than at the Patuxent Institution. He also claims that the presiding judge at the defective delinquent hearing was an interested person within the meaning of § 7 of Article IV of the Maryland Constitution in that the law pertaining to defective delinquents was a "pet project" of his.

In a supplemental application for leave to appeal filed by court-appointed counsel it is further contended:

1. That it was reversible error to allow the report finding that he was a defective delinquent to be introduced by the State because:

(a) The director (Dr. Boslow), although he signed the report, did not testify;

(b) The director did not personally examine the applicant on behalf of the institution pursuant to § 7(a) of Art. 31B (1964 Cum. Supp.);

(c) The report refers to the juvenile offenses of the applicant which are inadmissible under § 61 of Art. 26; and

(d) The report is based on an examination that took place six months before the defective delinquency hearing.

2. That the court committed other errors in its rulings on the evidence; and

3. That the failure to provide an unqualified right of appeal from a finding of defective delinquency is a denial of due process.

The contentions made by the applicant in proper person are without merit. His first contention is meaningless. Even if he is mentally retarded, the statute defines a defective delinquent

as one who demonstrates a propensity toward criminal activity and who is either intellectually deficient or emotionally unbalanced. The report prepared at the institution shows that the applicant has an I.Q. of 66, that he is extremely unstable and impulsive, that his reactions are governed by his emotions and that the behavior pattern he displays is likely to continue unless restricted by confinement and treatment, and these findings were not refuted by the applicant. As to the assertion that the hearing judge was an interested person, there is nothing in the record to indicate that a motion for disqualification was made below, nor was there any evidence to support the allegation. See *County Commissioners of Charles County v. Wilmer,* 131 Md. 175, 101 Atl. 686 (1917).

The contentions made by counsel for the applicant are likewise without substantial merit. While it is not evident from the record who, if any one, testified on behalf of the institution at the hearing, it does appear that the report, which was properly admitted in evidence, was signed by the director and three of the professional staff, but there is nothing to indicate that the applicant made any effort to rebut the information and findings contained therein. Although the statute does not require the director to testify at a hearing, he could have been summoned by the applicant for that purpose. And the fact that the report contained the findings of persons who did not testify does not render it inadmissible. *Fairbanks v. Director,* 226 Md. 661, 173 A. 2d 913 (1961). Nor does the statute require the director to personally examine the applicant. The only requirement is that the examination must be made by at least three persons—a medical physician, a psychiatrist and a psychologist. See Art. 31B, § 7(a), *supra.* Moreover, a staff report prepared in compliance with that section is clearly admissible over objection that it is hearsay. *Pierson v. Director,* 235 Md. 654, 202 A. 2d 644 (1964) ; *Purks v. State,* 226 Md. 43, 171 A. 2d 726 (1961). And see *Wheatfall v. Director,* 236 Md. 623, 203 A. 2d 894 (1964).

Although § 61 of Art. 26 does provide that adjudication of the status of a child (in a juvenile cause) shall not operate to impose any civil disabilities and that the child shall not be deemed thereby to be a criminal, there is no reason why, as

was pointed out in *Bullock v. Director,* 231 Md. 629, 190 A. 2d 789 (1963), that evidence of prior anti-social behavior of a juvenile may not be considered in evaluating his status as a defective delinquent.

The fact that the staff report was based on examinations that were made more than six months before the hearing was held is not a reason for granting relief in a proceeding of this nature. *Daugherty v. Director,* 235 Md. 662, 202 A. 2d 593 (1964); *Palmer v. State,* 215 Md. 142, 137 A. 2d 119 (1957).

Since no effort was made to point out what other errors were allegedly made by the court in its rulings on the evidence, this contention does not merit consideration.

Finally, the fact that the State does not permit an unqualified appeal in defective delinquency cases is not a denial of due process. See *Griffin v. Illinois,* 351 U. S. 12, 18 (1956).

*Application denied.*