## GILLIARD *v.* DIRECTOR OF PATUXENT INSTITUTION

[App. No. 60, September Term, 1964.]

*Decided March 12, 1965.*

Before PRESCOTT, C. J., and HAMMOND, HORNEY, MARBURY, OPPENHEIMER and BARNES, JJ.

PER CURIAM.

This is an application for leave to appeal from an order of the Criminal Court of Baltimore, dated May 25, 1964, finding the applicant to be a defective delinquent, and committing him

to Patuxent Institution under the provisions of Code (1957, 1963 Cum. Supp.), Article 31B. He was convicted on March 2, 1956, of robbery with a deadly weapon and violation of probation, for which he was sentenced to serve not more than twelve years in the Maryland State Reformatory for Males by Judge Cullen. In this application, he contends:

1. That the verdict of the court was erroneous and against the weight of the evidence.
2. That the court erred since there was no evidence legally sufficient to support its findings that the applicant was a defective delinquent.
3. That the applicant's testimony showed that he was prepared to re-enter society and that he did not require the controls imposed by Patuxent Institution.
4. That only one witness for the State, Dr. H. Boslow, testified that the applicant was a defective delinquent upon his examination and records of Patuxent Institution.

Applicant's contentions 1, and 3 are without merit as they relate to and bear solely on the weight of the evidence, as distinguished from its sufficiency to support the finding of the lower court, and are therefore not available as grounds for leave to appeal. *Colbert v. Director,* 234 Md. 639, 199 A. 2d 801; *Cooper v. Director,* 234 Md. 622, 198 A. 2d 301.

His contention 2 attacks the sufficiency of the evidence which is not supported by the record, but is a bald allegation of the insufficiency of the evidence without factual support. Thus, the requirements of the rule are not met. Maryland Rule 894 a 2 (a); *Fairbanks v. Director,* this term, No. 92 Defective Delinquent, filed February 5, 1965. Further, Dr. Boslow's testimony was sufficient to show that the applicant was a defective delinquent, as our answer to contention 4 establishes.

Contention 4 is also without merit. We have consistently held that it is proper for the Director of Patuxent Institution, Dr. Boslow, to express an opinion evaluating an inmate as to defective delinquency, both on the basis of his own examination

and report, and upon the findings of others. *Porter, III v. Director,* 232 Md. 639, 193 A. 2d 63.

*Application denied.*