## NAILL *v.* DIRECTOR OF PATUXENT INSTITUTION

[App. No. 126, September Term, 1964.]

*Decided May 10, 1965.*

Before PRESCOTT, C. J., and HORNEY, MARBURY, OPPEN-HEIMER and BARNES, JJ.

PER CURIAM.

The applicant pleaded guilty to an indictment charging assault. It appears clear that he had engaged in perverted sex practices with a minor child on May 17, 1961. There was a pre-trial medical report. He was sentenced to one year in the Maryland Correctional Institution on June 30, 1961, and thereafter referred to Patuxent for evaluation. Proceedings were subsequently instituted under Code (1957) Article 31B (the Act) which resulted in a finding that he was a defective delinquent and commitment to Patuxent was ordered. There has been no appeal from those proceedings. This application is from a re-determination on October 9, 1964, by Chief Judge Michael J. Manley, that the applicant is still a defective delinquent. The record affirmatively shows that the applicant was represented by counsel at every stage.

The applicant contends that the evidence before the lower court in the original determination that he was a defective delinquent was insufficient to permit such a finding because the crime for which he was convicted on May 17 was not of a violent nature under the Act. Whether or not the original commitment was proper is not the subject of re-determination proceedings under the Act; that question cannot be raised in a proceeding for a re-determination of defective delinquency. In any event, his original conviction was for a crime of violence. *Handy v. Johnson,* 5 Md. 450, 465 (1854) (where an assault is charged, the jury "are to decide whether there was an intention to do any violence or injury"). See generally, Hochheimer, *Crimes and Criminal Procedure,* §§ 253-56 (2 Ed. 1904).

The applicant further attacks the weight (as distinguished from the sufficiency) of the evidence on his re-determination. We have repeatedly held that this is not a ground for leave to appeal. *Cooper v. Director,* 234 Md. 622, 623 (1964).

The final issue raised here is whether in the October 9 proceedings, Dr. Boslow's testimony, which was based in part upon clinical reports and findings of other staff members at Patuxent, could be relied upon by the lower court in determining that the applicant is still a defective delinquent. We have

considered this contention in prior applications and held such testimony to be admissible. *Jewel v. Director,* 236 Md. 643 (1964). See also, *Middleton v. Director,* 235 Md. 623, 625-26 (1964).

*Application denied.*