## PERKERSON *v.* DIRECTOR OF PATUXENT INSTITUTION

[App. No. 134, September Term, 1964.]

*Decided May 28, 1965.*

Before Prescott, C. J., and Hammond, Horney, Marbury and Barnes, JJ.

Hammond, J., delivered the opinion of the Court.

Perkerson, the applicant for leave to appeal from a redetermination of his status as a defective delinquent by Judge Manley in January 1965, was convicted of burglary in 1957 and has been in Patuxent since 1958 when he was first found to be a defective delinquent by Judge Cullen.

The applicant makes two contentions of error. First, that he was inadequately represented below, in that his lawyer failed to advise him of his right to a jury trial and failed to adequately prepare his case, conferring with him for only twenty-five minutes at Patuxent; and, second, that there was no evidence sufficient to support the trial court's finding.

Perkerson cannot prevail on either contention. He makes only the bare allegation that he was not advised of his right to a jury trial but does not allege or attempt to show that he would have asked for a jury trial had he known he could have, or suggest why a jury's verdict would have differed from that of Judge Manley. No actual unfairness in the trial by the court is claimed, and a trial by the court is a customary and normal practice in Maryland in criminal as well as civil cases. *Grammer v. State,* 203 Md. 200, 213, quoting *Rose v. State,* 177 Md. 577, 581.

The fact that Perkerson's lawyer talked to him for only twenty-five minutes before the trial does not show inadequate representation. The background and relevant facts of the case were almost completely, if not completely, revealed by the records and reports which were available to and, it would appear, were utilized by the applicant's lawyer. *Cf. Washington v. Director,* 237 Md. 311. Indeed, there was little available to Perkerson to counter the State's contention that the applicant continued to be a defective delinquent. Dr. Lerner, the psychiatrist who had examined Perkerson before the first hearing was again engaged by the State at the request of Perkerson to examine him. His professional opinion was that Perkerson was a defective delinquent who was not presently ready for release.

The contention that the evidence was insufficient because the State's only witness, Dr. Boslow, based his opinion that the applicant was a defective delinquent in part on the examinations and reports of others and this method of producing testimony unconstitutionally deprived him of the right of confrontation and cross-examination, has been rejected repeatedly by this Court. *Oppel v. Director*, 237 Md. 611; *Ash v. Director*, 237 Md. 443, 444. The applicant had a right to summon any person whose report on examination was relied on. Code, (1964 Cum. Supp.), Art. 31B, Sec. 10 (a) and see *Brunson v. Director*, 239 Md. 128. Dr. Boslow's opinion was sufficient to support a finding of defective delinquency if the trier of fact accepted it, as he did.

*Application denied.*