# JOHNS *v.* DIRECTOR OF PATUXENT INSTITUTION

[App. No. 124, September Term, 1964.]

*Decided July 2, 1965.*

Before HAMMOND, HORNEY, MARBURY, OPPENHEIMER and BARNES, JJ.

412

BARNES, J., delivered the opinion of the Court.

Upon his plea of guilty to a charge of breaking and entering, applicant Johns was sentenced to serve eighteen months in the House of Correction and was simultaneously referred to Patuxent Institution for evaluation as to possible defective delinquency. In 1964 Chief Judge Manley found him to be a defective delinquent; from the order committing him to Patuxent, Johns seeks leave to appeal to this Court.

Two of the applicant's four contentions are that the finding of the lower court was against the weight of the evidence, and that the evidence showed that Johns "was prepared to re-enter society." In jury cases involving defective delinquency we have repeatedly declined to consider allegations bearing solely on the weight of the evidence as distinguished from its sufficiency. *Faulkner v. Director,* 230 Md. 632 (1963), *Cooper v. Director,* 234 Md. 622, 624 (1964), *Muhly v. Director,* 234 Md. 624 (1964). When the case is tried before the lower court without a jury, as is the situation in the case at bar, the judgment of the lower court will not be set aside on the evidence unless clearly erroneous, and due regard being given to the opportunity of the lower court to judge the credibility of the witnesses, as provided in Maryland Rule 886 a.[1] A review of the

1. We have not always made clear that the "clearly erroneous" standard provided for in Maryland Rule 886 a applies in non-jury cases. See Campion v. Director, 237 Md. 641, 206 A. 2d 703 (1965); Oppel v. Director, 237 Md. 611, 205 A. 2d 396 (1964); Palmer v. State, 215 Md. 142, 137 A. 2d 119 (1957). And there is language in some of our prior cases to the effect that the weight of the evidence in a non-jury case, may not be considered by this Court. Naill v. Director, 238 Md. 631, 209 A. 2d 774 (1965); Schlatter v. Director, 238 Md. 132, 207 A. 2d 653 (1965); Gilliard v. Director, 237 Md. 661, 207 A. 2d 650 (1965); Fairbanks v. Director, 237 Md. 447, 206 A. 2d 699 (1965); Silvestri v. Director, 234 Md. 641, 199 A. 2d 784 (1964); Cooper v. Director, 234 Md. 622, 198 A. 2d 301 (1964); Colbert v. Director, 234 Md. 639, 199 A. 2d 801 (1964). However, trials in defective delinquency cases are governed by the same procedural rules as those governing other civil cases; and we have recognized from the earliest cases forward, that Maryland Rule 886 a is applicable in non-jury cases. Cowman v. State, 220 Md. 207, 151 A. 2d 903 (1959); Blakney v. Director, 230 Md. 610, 185 A. 2d 189 (1962);

evidence indicates that the lower court's findings were not clearly erroneous.

A third contention that the expert opinion of Dr. Harold Boslow was based in part upon the findings of others is likewise devoid of merit. We have consistently held that it is proper for the Director of Patuxent Institution to express an opinion evaluating an inmate as to defective delinquency, both on the basis of his own examination and report and upon the findings of others. *Gilliard v. Director*, 237 Md. 661 (1965); cf. *Rice v. Director*, 238 Md. 137, 139 (1965).

The fourth contention draws into question the legal sufficiency of the evidence to sustain the finding below. Several of our cases just recently decided have ruled that a mere allegation of insufficiency lacks the specificity required by prior case law and by Maryland Rule 894 a 2 (a), and that the Court may decline to review it. *Fairbanks v. Director*, 237 Md. 447, 449 (1965); *Gilliard v. Director*, 237 Md. 661 (1965); *Schlatter v. Director*, 238 Md. 132, 134 (1965). Assuming that the question is properly before us, we think that "a reading of the record shows that there clearly was legally sufficient evidence to have taken the case to the jury had there been one"; *Campion v. Director*, 237 Md. 640 (1965). It would be pointless to set forth all of the facts and conclusions contained in the report of the psychiatric staff of Patuxent Institution and those in a similar report from the director of Clifton T. Perkins State Hospital. It is sufficient to say that these reports fall within the pattern of such cases as *Turck v. Director*, 236 Md. 653 (1964), and standing alone, would permit a finding by Judge Manley that Johns was within the statutory definition of a defective delinquent (Code, Art. 31B, § 5, as amended). See *Simmons v. Director*, 231 Md. 618 (1963); *Chandler v. Director*, 236 Md. 622 (1964); *Wheatfall v. Director*, 236 Md. 623 (1964); *Robinson v. Director*, 236 Md. 624 (1964); *Washing-*

Simmons v. Director, 231 Md. 618, 189 A. 2d 644 (1963); Duke v. Director, 232 Md. 651, 194 A. 2d 264 (1963); Brown v. Director, 234 Md. 605, 197 A. 2d 251 (1964); Creswell v. Director, 234 Md. 620, 198 A. 2d 300 (1964); Chandler v. Director, 236 Md. 622, 203 A. 2d 908 (1964); Robinson v. Director, 236 Md. 624, 203 A. 2d 907 (1964); and, Ash v. Director, 237 Md. 443, 206 A. 2d 706 (1965).

414

*ton v. Director,* 237 Md. 311 (1965) and cases cited therein; *Daniels v. Director,* 238 Md. 80, 82 (1965).

*Application denied.*