## EATON *v.* DIRECTOR OF PATUXENT INSTITUTION

[App. No. 2, September Term, 1965 (Adv.).]

36

*Decided August 6, 1965.*

MARBURY, J., delivered the opinion of the Court.

The applicant, George Smith Eaton, pleaded guilty to six counts of false pretenses and larceny on December 15, 1960, and was sentenced to eight years in the Maryland Penitentiary. Thereafter, at the suggestion of the Commissioner of Correction, he was sent to Patuxent Institution on March 23, 1964, for evaluation as a defective delinquent. At a non-jury trial concluded on January 18, 1965, before Chief Judge Manley in the Criminal Court of Baltimore, he was found to be a defective delinquent and was committed to Patuxent.

In this application for leave to appeal, the applicant's counsel presented ten contentions. The first six of these center on the sending of a letter to Judge Manley by the Commissioner of Correction, Vernon L. Pepersack, following the first day of the hearing. This letter, requested by the assistant State's Attorney, is claimed to be inflammatory, prejudicial and to contain biased statements, including hearsay remarks about a former penitentiary employee reflecting on applicant's character; and derogatory remarks regarding Mr. Brett, who testified in applicant's behalf. Thus, applicant contends that the trial court erred in not granting a mistrial and his rights under the Sixth Amendment of the United States Constitution were violated. The record indicates that the first hearing before Judge Manley commenced on December 18, 1964. The State requested and was granted a recess in order to obtain additional evidence. The letter in question to Judge Manley from Mr. Pepersack was dated December 21, 1964. At the resumption of the case on January 8, 1965, the applicant objected to this letter because it contained harmful statements. Although the judge found that the statements therein contained were not biased and indicated that he would not be influenced by them, he decided that the only way to correct any possible unfairness to Eaton caused by the letter was to have the State call Mr. Pepersack as a witness to give the defense an opportunity to cross-examine him. The witness was called by the State and did testify on January 18, 1965, repeating the statements contained in the letter which were not hearsay. On objection by applicant's counsel he was not allowed to testify to those portions of the letter which were

hearsay with respect to incidents involving the applicant with a former penitentiary employee. Under these circumstances we find no error in the actions of the court below.

Counsel's seventh contention is that the applicant's criminal record was incorrectly stated in the Patuxent Institution report and that this was brought to the trial court's attention. There is no specific error alleged. Rule 894 a 2 (a). The report itself was admissible into evidence. *Pierson v. Director*, 235 Md. 654, 202 A. 2d 644.

Counsel urges in his eighth contention that applicant was denied due process of law at his hearing because Judge Manley made a certain remark in open court as to the cost of taking appeals at the time of his ruling on applicant's motion for mistrial. This was a non-jury trial and we find that such a remark was not prejudicial to the applicant.

Next, counsel contends that the applicant's commitment to Patuxent violated the spirit and intent of Code (1957), Article 31B, since he had served the major part of his sentence in the penitentiary which was for an offense against property. Applicant's commitment is specifically authorized by the Code (1964 Cum. Supp.), Article 31B, Section 6 (c). We have held in the past that one who commits crimes against property may be found a defective delinquent. *Cowman v. State*, 220 Md. 207, 151 A. 2d 903.

Finally, counsel argues that there was no legally sufficient evidence produced by the State to justify finding the applicant a defective delinquent. This is a bald allegation of the insufficiency of the evidence without factual support. Thus, the requirements of Rule 894 a 2 (a) were not met. *Gilliard v. Director*, 237 Md. 661, 207 A. 2d 650. Further, Drs. Guttmacher, Vyner and Rothstein, the last being selected by the applicant, all concluded that he was a defective delinquent.

The additional points raised in applicant's handwritten application are also without merit. Permitting the State to reopen its case was within the sound discretion of the trial court. Evidence of prior antisocial behavior, as shown in the applicant's record of convictions which were not the basis of his commitment, can be considered in his evaluation as a defective delinquent even though some of these earlier convictions may have

been without benefit of counsel. *Rice v. Director*, 238 Md. 137, 207 A. 2d 616.

*Application denied.*

[App. No. 4, September Term, 1965 (Adv.).]

*Decided August 6, 1965.*

