## MASTROMARINO *v.* DIRECTOR OF PATUXENT INSTITUTION

[App. No. 10, September Term, 1965.]

*Decided August 5, 1966.*

Before PRESCOTT, C. J., and HAMMOND, HORNEY, MARBURY, OPPENHEIMER, BARNES and McWILLIAMS, JJ.

PER CURIAM.

On 8, August, 1963, applicant pleaded guilty to a charge of larceny. Following a pre-sentence investigation, an indeterminate sentence not to exceed three years in the Maryland Institution for Men was imposed upon him. On 13, November, 1963, he was ordered to Patuxent for an examination pursuant to § 7 of Art. 31 B of the Code (1957 Cum. Supp. 1965), and on 13, January, 1965, following a determination of Defective Delinquency by a jury, he was ordered to Patuxent for confinement and treatment. On 10, February, 1965, this application for leave to appeal was filed.

Disposition of this application has been delayed pending the decision in *Director v. Daniels*, 243 Md. 16 (1966), which disposes of the following allegations of the applicant:

1. That the Patuxent report was inadmissible because it contained hearsay evidence.

2. That the Defective Delinquent proceedings subjected the applicant to double jeopardy.

3. That the applicant was a danger to property only and therefore couldn't constitutionally be treated as a defective delinquent.

In addition the applicant alleges that the evidence was insufficient to show he was an actual danger to society. The Patuxent report, the testimony of the institute psychologist and the criminal record of the applicant are clearly sufficient to support the verdict of the jury. *Johns v. Director*, 239 Md. 411, 211 A. 2d 751 (1965) and cases cited therein.

The applicant attacks the admissibility of the Patuxent report because no psychiatrist testified. The report was read by a staff psychologist. No particular procedure is provided by the stat-

ute (Art. 31 B) for admitting the report into evidence nor is there any requirement that either the director or an examining psychiatrist testify at the hearing. The report is admissible even though it contains the findings of persons who do not testify. *Rice v. Director,* 238 Md. 137, 207 A. 2d 616 (1965). The report is also attacked as a violation of applicant's rights against self-incrimination and of the physician patient privilege. There is no merit in these contentions. *Hermann v. Director,* 229 Md. 613, 182 A. 2d 351 (1962). See *Sas v. Director,* 334 F. 2d 506 (4th Cir. 1964).

Applicant's final allegation in his original application is that the jury may have been improperly influenced by the following exchange between the State's Attorney and Mr. Keach, the institute psychologist:

> "(State's Attorney) : If Mr. Mastromarino should be returned to the Institution, that is if the Jury should find him to be a Defective Delinquent, what would your prognosis be, for Mr. Mastromarino in the Institution in your opinion, sir? (Mr. Keach) : I would expect him to improve in the Institution fairly rapidly."

We find it difficult to believe that this exchange was prejudicial. Compare *Shoemaker v. State,* 228 Md. 462, 180 A. 2d 682 (1962). However, the lack of objection below disposes of the contention.

On 11, April, 1966, while this application was pending, applicant, through his diligent counsel, James C. Cawood, filed an additional memorandum moving for a remand on the basis of *Schowgurow v. State,* 240 Md. 121, 213 A. 2d 475 (1965). Although our holding in *Schowgurow* was retroactive to the extent it applied to convictions which were not "final" before the rendition of that opinion, in *Schiller v. Lefkowitz,* 242 Md. 461, 219 A. 2d 378 (1966), we held that the "Schowgurow" doctrine was only to be applied to civil proceedings beginning subsequent to the date of the *Schiller* opinion. Since defective delinquent proceedings differ in important aspects from other civil proceedings, we shall grant leave to appeal on the issue of

the application of *Schowgurow* and *Schiller* to defective delinquent determinations.

> *Application granted on the issue of Schowgurow v. State and Schiller v. Lefkowitz.*
>
> *Application denied as to other contentions.*