# CHAMBERS *v.* DIRECTOR OF PATUXENT INSTITUTION

[App. No. 52, September Term, 1965.]

*Decided November 17, 1966.*

Before HAMMOND, C. J., and HORNEY, MARBURY, BARNES and McWILLIAMS, JJ.

PER CURIAM.

On 17 January 1964 the applicant was tried in the Criminal Court of Baltimore (Harlan, J., without a jury), convicted of storehouse breaking and sentenced to the Maryland Institution for Men for a term of not more than one year. He was transferred to Patuxent Institution on 8 April 1964.

On 31 March 1965 the Criminal Court of Baltimore (Cardin, J., without a jury) found him to be a defective delinquent as defined in Code, Art. 31 B (1957, Cum. Supp. 1965). This application for leave to appeal from that finding was filed on 12 July 1965 and includes the following allegations:

1. That there was insufficient evidence to support a finding of defective delinquency.

2. That the decision was against the weight of the evidence, the only testimony for the State being that of Dr. Boslow, using reports of the Patuxent staff.

3. That the admission in evidence of the applicant's criminal record, which included convictions without benefit of counsel, was erroneous.

4. That the court had no jurisdiction because the applicant's original sentence had expired.

5. That the psychological tests used were not shown to be valid or reliable.

6. That Art. 31 B is unconstitutional in toto and because it applies only to males.

7. That the superintendent of the Maryland Institution for Men had no authority to recommend the applicant's referral to Patuxent.

In respect of the first, second and fifth contentions, concerning the evidence, the record shows that the staff and director of Patuxent concluded that the applicant qualified as a defective delinquent and this, particularly when combined with an exten-

sive criminal record, has consistently been held to constitute sufficient basis for such a finding by the Court. *Alt v. Director,* 240 Md. 262, 213 A. 2d 746 (1965). Moreover, the director's testimony is admissible even though it is based on personal reports of members of his staff. *Ibid.*

The admissibility of applicant's prior criminal record, including convictions without benefit of counsel, as evidence of prior anti-social behavior has been established in previous cases. *Eaton v. Director,* 240 Md. 35, 212 A. 2d 497 (1965).

The remaining contentions are also without merit. *Daugherty v. Director,* 235 Md. 662, 202 A. 2d 593 (1964), establishes that the court retains jurisdiction to try the issue of defective delinquency if the original commitment to Patuxent was made prior to expiration of the original sentence, even though the latter may have expired before trial. It should be noted that the delay in this case was due in part to the applicant's various time consuming motions.

The constitutional issue was settled in *Director v. Daniels,* 243 Md. 16, 221 A. 2d 397 (1965), and the authority of the Department of Correction to request examinations for defective delinquency is provided for specifically in Code, Art. 31B, § 6 (b) (1957, Cum. Supp. 1965).

Applicant's contention that Art. 31B is unconstitutional because it applies only to males invites comment only because it appears to have been raised for the first time in this application. There is nothing in Art. 31B which suggests that the term "an individual," as used in § 5 excludes women. Nor are there any decisions of this Court upon which such a contention can be grounded. In support of his contention applicant cites the fact that the population of Patuxent is exclusively male. We do not agree it necessarily follows that the Act excludes women. In our judgment the only conclusion which necessarily follows is that the courts have not seen fit to refer any women for examination or treatment.

Should it become necessary or desirable to examine women for possible defective delinquency and thereafter to confine for treatment those found to be defective delinquents we believe it is reasonable to expect that the State will provide the necessary facilities, whether temporary or permanent. Moreover, as-

suming the State has chosen (administratively, judicially or both) to exclude them, it can not be said that this would constitute an improper exercise of power. We see no reason why the State can not limit the program to whichever sex seems immediately to constitute the greater danger to society, provided the basis for this determination is a reasonable one. See *Eggleston v. State,* 209 Md. 504, 515, 121 A. 2d 698 (1955) and cases cited therein, and *Sas v. State of Maryland,* 334 F. 2d 506, 514-15 (4th Cir. 1964).

*Application denied.*