PORTER, III *v.* DIRECTOR OF PATUXENT INSTITUTION

[App. No. 14, September Term, 1963 (Adv.).]

*Decided August 6, 1963.*

Before the full Court.

SYBERT, J., delivered the opinion of the Court.

On December 26, 1961 the applicant, Thomas H. Porter, III, was sentenced to 2 years in the Maryland House of Correction by the Criminal Court of Baltimore on a charge of statutory burglary. He was sent to Patuxent Institution for examination, and on February 8, 1963, after a jury found him to be a defective delinquent at a hearing at which he was represented by counsel, he was committed to Patuxent. On February 11, 1963 he filed a "Motion for a New Trial". The clerk of the lower court wrote Porter informing him, in effect, that the motion would be treated as an application for leave to appeal to this Court, and no objection by Porter appears in the record. Consequently, we shall so treat the motion in this Court.

Porter raises several issues with respect to the defective delinquency hearing below, which are summarized as follows: (1) that Dr. Boslow, the Director of Patuxent Institution, gave false, misleading and exaggerated statements in his testimony against him; (2) that the State's Attorney gave a misleading and false closing statement to the jury "when he stated that Petitioner was tried on facts"—his contention being that psychology and psychiatry are theory only and not fact as stated by the State's Attorney; and (3) that Code (1962 Cum. Supp.), Art. 31B, Sec. 6 (a), requires that a person have two or more convictions of a crime or misdemeanor punishable by imprisonment before he can be subjected to a proceeding for defective delinquency, whereas the applicant has had only one conviction.

As to the first contention, applicant makes only a bare allegation with no reference to specific false testimony of Dr. Boslow. He seems merely to reassert that he is not a defective delinquent and that Dr. Boslow was wrong in saying he was. On its face, Dr. Boslow's report filed in the proceeding does not indicate any false or misleading statements. In reality, this contention merely attacks Dr. Boslow's credibility, which was for the jury to determine. *McCloskey v. Director*, 230 Md. 635, 187 A. 2d 833 (1963); *Meredith v. Director*, 226 Md. 653, 172 A. 2d 501 (1961).

Regarding applicant's second contention, it was not improper for the State's Attorney to state that applicant was tried on

facts. We have consistently held that it is proper for the Director of Patuxent Institution to express an opinion respecting an inmate's mental condition, both on the basis of his own examination and report and upon the findings of others. *McCloskey v. Director, supra; Schultz v. Director,* 227 Md. 666, 177 A. 2d 848 (1962), and cases cited. That Dr. Boslow and other members of the Patuxent staff had concluded that the applicant was a defective delinquent was one of the basic facts before the jury; Dr. Boslow's report contained references to concrete facts, such as instances of the applicant's behavior; the fact of the applicant's conviction for statutory burglary was in evidence. We think the State's Attorney's remarks were permissible.

Applicant's final contention, that he was not subject to examination for possible defective delinquency because he was convicted only once, is without merit. The same complaint was made and rejected in *Gee v. Director,* 231 Md. 610, 188 A. 2d 565 (1963), where it was pointed out that under the terms of Sec. 6 (a) of Art. 31B a request for such an examination may be made for a person who has been convicted and sentenced in a court of this State for a felony or a misdemeanor punishable by imprisonment in the penitentiary. Applicant was convicted of statutory burglary, a misdemeanor, under the first and second counts of the indictment based upon Secs. 32 and 342 of Art. 27, Code (1957), respectively. Both sections provide for imprisonment in the penitentiary, and hence applicant was properly subjected to a proceeding for defective delinquency.

*Application denied.*