## SHINE *v.* DIRECTOR OF PATUXENT INSTITUTION

[App. No. 144, September Term, 1963.]

*Decided April 17, 1964.*

Before HENDERSON, HAMMOND, PRESCOTT, MARBURY and SYBERT, JJ.

PER CURIAM.

In a previous application for leave to appeal, from an order committing him to Patuxent upon a finding of a defective delinquency, we remanded the case for a determination as to whether the applicant was entitled to proceed as an indigent. On remand the court found him to be an indigent and appointed the same counsel, to represent him in this application, as had represented him at his trial. Our order of remand directed that the stenographic transcript of the trial be sent to this Court, or such portions or summary thereof as should be agreed upon by the parties. We also directed newly appointed counsel, if any, to file a brief or memorandum in support of the application.

No transcript was filed, in summary form or otherwise, but counsel for the applicant filed a memorandum stating the salient facts brought out at the trial, and the Attorney General in his reply takes no exception to the facts stated. Counsel contends that the finding was against the weight of the evidence, that the evidence was legally insufficient, and that the testimony of members of the applicant's family should have been given more credence than the testimony of Dr. Boslow. The record does not support any of these contentions, which were resolved against the applicant by the trial court. Cf. *Duke v. Director*, 232 Md. 651, and *Porter v. Director*, 232 Md. 639. Aside from the questions presented by counsel, we have before us a set of 34 objections sought to be raised by the applicant of his own motion. It is sufficient to say that we find no merit in these. Some were not raised below, some are mere conclusions and others have been passed on in previous cases construing the Act. See *Faulkner v. Director*, 230 Md. 632, and *McDonough v. Director*, 229 Md. 626, and cases there cited.

*Application denied.*