## SILVESTRI *v.* DIRECTOR OF PATUXENT INSTITUTION

[App. No. 142, September Term, 1963.]

*Decided April 27, 1964.*

Before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT, HORNEY, MARBURY and SYBERT, JJ.

PER CURIAM.

In this application for leave to appeal from the finding of the

lower court that he was a defective delinquent, the applicant alleges: (1) that the evidence was legally insufficient to support the finding; (2) that there was evidence that he is now well adjusted and should be transferred from Patuxent to the Institution for Men; (3) that the only evidence produced by the State was the testimony of the director of Patuxent based on reports made by other staff members who were not present in court and available for cross-examination; and (4) that the lower court did not pay strict attention to the testimony and, therefore, decided the case incorrectly. All of the reasons alleged for granting leave to appeal are clearly without merit.

The first allegation, concerning the sufficiency of the evidence, is not supported by the record. The reports of the director of Patuxent and a psychiatrist of the applicant's own choice show him to be a defective delinquent under the statutory tests. Since the opinions of expert witnesses in a case such as this should be accorded serious consideration, the sufficiency of the evidence to support the determination of the lower court is manifest. *Muhly v. Director,* 234 Md. 624; *Williams v. Director,* 232 Md. 632.

The second contention that there was evidence of rehabilitation goes to the weight of the evidence, as distinguished from its sufficiency, and is not available as a ground for leave to appeal. *Cooper v. Director,* 234 Md. 622; *Faulkner v. Director,* 230 Md. 632.

The third claim, to the effect that the director's conclusions were based on the reports of staff members who were not available as witnesses, was rejected in *McCloskey v. Director,* 230 Md. 635. See also *Schultz v. Director,* 227 Md. 666; *Fairbanks v. Director,* 226 Md. 661.

The fourth contention, concerning the alleged inattention of the lower court, is an unsupported conclusion of the applicant and is insufficient to constitute a ground for relief. Cf. *Kiah v. Warden,* 232 Md. 653.

*Application denied.*