## DICKERSON v. DIRECTOR OF PATUXENT INSTITUTION

[App. No. 148, September Term, 1963.]

*Decided July 29, 1964.*

Before BRUNE, C. J., and HENDERSON, HAMMOND, HOR-
NEY, MARBURY and SYBERT, JJ.

MARBURY, J., delivered the opinion of the Court.

Applicant had been found to be a defective delinquent by a
jury in January 1961 and was committed to Patuxent Insti-
tution. He subsequently filed a request for redetermination,
and after a hearing held on December 20, 1963 before Judge
Byrnes without a jury, at which applicant was represented by
counsel, he was found still to be a defective delinquent. From
the order recommitting him to Patuxent Institution he has re-
quested leave to appeal.

Through his court appointed counsel he raises the follow-
ing contentions:

1. The State's only witness, Dr. Boslow, testified from re-
ports made by others of the institution's staff and gave no spe-
cific grounds for reaching his conclusions except the appli-
cant's past criminal record.

2. The persons preparing the reports on which Dr. Boslow
based his conclusions were not present in court and therefore
not subject to cross-examination by the applicant or his coun-
sel.

3. He was unable to take the stand in his own behalf be-
cause of physical ailments.

4. He has not seen nor read the medical reports.

5. He should not have been tried before Judge Byrnes who
presided at a prior trial in which applicant was convicted of
manslaughter.

6. The evidence was insufficient to support the finding.

(1) Dr. Boslow was competent to express an expert opinion based on a review of the records and staff reports of the institution. Also antecedent behavior is a relevant factor. *Queen v. Director,* 226 Md. 664.

(2) The second contention has been rejected by this Court. *Pierson v. Director,* 235 Md. 654.

(3) and (4) These contentions are not stated with the specificity required by Maryland Rule 894 a 2 (a). That rule as construed in *Faulkner v. Director,* 230 Md. 632, requires brief statements of fact setting forth the reasons why the order should be reversed and a list of alleged errors committed by the court. For example, contention 3 should have stated why no postponement was requested or, if so, why denied. Contention 4 should have stated, if it were so, that the reports were not made available to the applicant or his counsel, for if they were available then he can not now complain of not having seen them.

(5) The applicant himself elected to be tried before Judge Byrnes without a jury and therefore waived any objection to a hearing before him.

(6) Judge Byrnes was justified in basing his decision on the reports of the staff at Patuxent Institution. Also, since the proceeding was civil in nature the burden of proof was not "beyond a reasonable doubt" which is imposed in criminal cases. *Purks v. State,* 226 Md. 43.

In addition to these contentions raised by counsel on behalf of the applicant, he in his own handwritten application raised two others. They were (a) an allegation of inadequacy of counsel at the hearing, and (b) a claim that he had not received psychiatric treatment or therapy since his incarceration. With respect to (a), ineptitude of counsel is not ground for relief, even in a criminal prosecution, unless the incompetence of counsel was so great as to have made a farce of the proceedings. *Bullock v. Director,* 231 Md. 629. Moreover, since the contention contained no supporting facts it did not comply with Rule 894 a 2 (a) and therefore will not be considered. With respect to (b), even if raised in the court below (which does not appear from the record before us) it is irrelevant to any cogent

issue involved in a redetermination hearing. *Barnes v. Director*, 227 Md. 641, 643.

*Application denied.*