## WASHINGTON *v.* DIRECTOR OF PATUXENT INSTITUTION

[App. No. 67, September Term, 1964.]

*Decided January 8, 1965.*

Before HAMMOND, HORNEY, MARBURY, SYBERT and OPPEN-HEIMER, JJ.

HAMMOND, J., delivered the opinion of the Court.

This is an application for leave to appeal by McCoy Washington from a finding by a jury in the Circuit Court for Montgomery County that he is a defective delinquent and the order of the court dated June 8, 1964, committing him to the Patuxent Institution.

Washington was convicted of assault and battery on November 21, 1963, and sentenced to a term of not more than three years in the Maryland Reformatory for Men by Judge Moorman. He was then referred to the Patuxent Institution and in a report filed April 8, 1964, was said to be a defective delinquent. Counsel was appointed for him by the court, and there were also obtained for him the services of an independent psychologist, a Sol Charen, who on June 5, 1964, filed his report. It was his opinion that Washington was not a defective delinquent, but the jury found that he was.

In this current application for leave to appeal, Washington relies on six grounds for relief. First is a claim that the applicant through his counsel was denied the opportunity to conduct a voir dire examination of the jury prior to its selection. It is not alleged that he ever sought such an examination or that, if he did, that the trial court abused its discretion as to the questions it asked or refused to ask. The absence of specifics makes the contention meaningless. Next is the contention that there was insufficient evidence to support the finding that

the applicant was a defective delinquent. This contention is without merit, as the report by Dr. Boslow of the Patuxent diagnosis and evaluation, recommending him as a defective delinquent, is clearly sufficient to support the verdict of the jury. *Laird v. Director,* 234 Md. 604; *Cooper v. Director,* 234 Md. 622; and *Dickerson v. Director,* 235 Md. 668. The opinion of the applicant's psychologist that he is not a defective delinquent goes to the weight of the evidence and of itself does not show error below. See *Faulkner v. Director,* 230 Md. 632, and *Silvestri v. Director,* 234 Md. 641.

The applicant's other four claims are: (1) hearsay testimony of the applicant's school records was received from Dr. Boslow through his report; (2) the State was permitted to conduct an inflammatory argument to the jury concerning the applicant's recent criminal conviction; (3) the jury was not correctly instructed regarding the burden of proof; and (4) the verdict of the jury was improper because a verdict of "Guilty" was returned. All of these we find to be without substance for the following reasons: (1) the results of staff studies at Patuxent are clearly relevant and admissible and the applicant's school record was material to and pertinent in their considerations; *Pierson v. Director,* 235 Md. 654; (2) this is a mere conclusion without any statement of supporting fact and is insufficient, Md. Rule 894 a 2; (3) there is no allegation that the instruction the court gave on the burden of proof was objected to or that a request for a different instruction was made and this contention will not therefore help the applicant because Md. Rule 554 d was not complied with; and (4) this charge is refuted by the actual docket entry in the case which reads:

> "June 8, 1964—Verdict, Petitioner is a defective delinquent as defined by Article 31B, Section 5 of the Annotated Code of Maryland as amended. The Court informs you McCoy Washington that the jury has found that you are a defective delinquent * * *."

*Application denied.*