## MUREL *v.* DIRECTOR OF PATUXENT INSTITUTION

[App. No. 135, September Term, 1964.]

*Decided October 20, 1965.*

Before Prescott, C. J., and Hammond, Horney, Marbury and Barnes, JJ.

Horney, J., delivered the opinion of the Court.

This is an application for leave to appeal from the order of the Criminal Court of Baltimore dated December 21, 1964, recommitting Albert Delane Murel to Patuxent Institution after a jury had determined that he was still a defective delinquent within the meaning of § 5 of Article 31B of the Code (1964 Cum. Supp.).

The applicant was convicted of burglary and sentenced on February 5, 1962, to a term of one year in the Maryland State Reformatory dating from December 10, 1961. On April 12, 1962, the applicant was transferred to Patuxent for evaluation at the request of the Department of Correction. On November 30, 1962, the applicant was found to be a defective delinquent by Judge Byrnes sitting without a jury. The application for leave to appeal from the initial determination of defective delinquency was denied by this Court in *Murel v. Director,* 231 Md. 661, 191 A. 2d 445 (1963).

In the interim between the initial defective delinquent hearing and the redetermination hearing, the applicant filed a petition for a writ of *habeas corpus* in the United States District Court for the District of Maryland, seeking his release from Patuxent on the grounds, primarily, that the defective delinquent law violates the due process and equal protection clauses of the Fourteenth Amendment to the Constitution of the United States, subjected him to double jeopardy and compelled him to be a witness against himself in violation of the Fifth Amend-

ment. The petition was denied without a hearing and upon appeal to the United States Court of Appeals for the Fourth Circuit, the case was consolidated with a number of other cases generally known as the *Consolidated Sas Cases*. The decision in those cases is reported in *Sas v. Maryland,* 334 F. 2d 506 (4th Cir. 1964).

In this application for leave to appeal from the order recommitting him to Patuxent, the applicant raised only three contentions: (i) that the finding of the jury was against the weight of the evidence; (ii) that his testimony conclusively showed that he was ready to resume his role in society; and (iii) that the sole witness for the State (Dr. Harold M. Boslow) was allowed to testify as to the conclusions reached by others and not from first hand knowledge. But when he filed his memorandum in support of his application for leave to appeal, the applicant raised a number of questions concerning the constitutionality of the defective delinquent law in general, and a specific issue as to whether he, as one of the inmates of Patuxent, was receiving effectual treatment for his defective delinquency. Although he was aware of the fact that the additional issues he sought to raise were not specifically raised below, the applicant, apparently relying on our decision in *Daniels v. Director,* 238 Md. 80, 206 A. 2d 726 (1965), in which we granted Daniels leave to appeal on the question as to whether his continued detention at Patuxent was a violation of his constitutional rights, nevertheless requests us to reexamine the application of the defective delinquent law as applied to him in the light of the *Sas* case.

The *Daniels* case, having been remanded to the Circuit Court for Prince George's County, is still pending in that court. We are informed by the Attorney General, however, that both parties, and the circuit court, are in agreement that the mandate of this Court in the *Daniels* case is such as to render the scope of the facts and other matters to be considered therein on the remand as broad as those constitutional issues outlined by the United States Court of Appeals in *Sas v. Maryland, supra.*

As to the three original contentions, the record shows that the director of Patuxent (Dr. Boslow) as well as the applicant's own psychiatrist (Dr. Pope) were of the opinion that

the applicant was still a defective delinquent. It is well settled that the director of Patuxent may base his testimony in court on the personal reports of members of the staff, *Porter v. Director,* 232 Md. 639, 193 A. 2d 63 (1963) ; that the conclusions of the staff including the opinion of the director that it would be unsafe to terminate the confinement constitute a sufficient basis to justify a finding that the applicant is still a defective delinquent, *Oppel v. Director,* 237 Md. 611, 205 A. 2d 396 (1964) ; and that the weight of the evidence in a jury case is not available as a ground for leave to appeal, *Silvestri v. Director,* 234 Md. 641, 199 A. 2d 784 (1963). These contentions therefore are wholly without merit and the application for leave to appeal as to them will be denied.

As to the subsequent contentions of the applicant to the effect that he is not receiving effectual treatment at Patuxent and that his continued detention therein is a violation of his constitutional rights, leave to appeal will be granted and the case remanded to the lower court to await the *final* outcome of the *Daniels* case now pending in the Circuit Court for Prince George's County. As soon as possible thereafter, the Criminal Court of Baltimore shall determine the contentions last above set forth. At that time, the hearing judge, besides making provision for an adequate record of the proceedings, shall make explicit findings of fact and expressly state his conclusions of law.

> *Application, as limited in the opinion, granted; and case remanded for further proceedings in accordance herewith.*