## ALT *v.* DIRECTOR OF PATUXENT INSTITUTION

[App. No. 7, September Term, 1965.]

*Decided October 20, 1965.*

Before PRESCOTT, C. J., and HAMMOND, HORNEY, MARBURY and BARNES, JJ.

HORNEY, J., delivered the opinion of the Court.

This is an application for leave to appeal from an order of the lower court dated January 4, 1965, recommitting Donald Francis Alt to Patuxent Institution after a determination by the court, sitting without a jury, that the applicant was still a defective delinquent within the meaning of Section 5 of Article 31B of the Code (1964 Cum. Supp.).

The applicant was convicted of assault and robbery and was sentenced on September 26, 1958, to consecutive terms of eighteen months in the Maryland State Reformatory, the sentences to run from March 17, 1958. On the date of sentencing the court also signed an order sending the applicant to Patuxent for evaluation. On September 14, 1960, the applicant was originally found to be a defective delinquent.

In this application for leave to appeal from the order recommitting him to Patuxent, the applicant made four contentions: (1) that the verdict was erroneous and against the weight of the evidence; (2) that the evidence was not sufficient to support the findings of the hearing judge; (3) that the testimony produced by the petitioner showed that Patuxent did not afford the treatment required by him; and (4) that the sole witness for the State (Dr. Harold M. Boslow) was allowed to testify as to the conclusions reached by others and not from personal knowledge.

The first two contentions are without merit. The record shows that the director of Patuxent (Dr. Boslow), as well as the applicant's own psychiatrist (Dr. Levin), were of the opinion that the applicant was still a defective delinquent as defined in the statute. This Court has held on a number of occasions that the conclusions of the staff at Patuxent, including the opinion of the director, constitute a sufficient basis to justify a finding that the applicant is still a defective delinquent. *Murel v. Director,* 240 Md. 258, 213 A. 2d 576 (1965); *Oppel v. Director,* 237 Md. 611, 205 A. 2d 396 (1964). It is also settled that when a case has been tried by a lower court without a jury, which is the situation in the present case, the judgment of the lower court will not be set aside on the evidence unless clearly erroneous, due regard having been given to the opportunity

of the lower court to judge the credibility of the witnesses. Maryland Rule 886 (a) ; *Johns v. Director,* 239 Md. 411, 211 A. 2d 751 (1965). A review of the evidence indicates that the lower court's judgment in the present case was not clearly erroneous. The fourth contention is likewise without merit since the director of Patuxent may base his testimony in court on the personal reports of members of his staff. *Murel v. Director, supra; Dickerson v. Director,* 235 Md. 668, 202 A. 2d 765 (1964) ; *Porter v. Director,* 232 Md. 639, 193 A. 2d 63 (1963). These contentions being without merit, the application for leave to appeal as to them will be denied.

The third contention of the applicant that he is not receiving proper treatment at Patuxent in a constitutional sense raises a question that has been before this Court in two recent cases : *Daniels v. Warden,* 238 Md. 80, 206 A. 2d 726 (1965) and *Murel v. Director, supra.* In *Daniels* we granted leave to appeal on the question as to whether the applicant's continued detention at Patuxent was a violation of his constitutional rights. In *Murel* we granted leave to appeal and remanded the case to the lower court to await the *final* outcome of the *Daniels* case and for the taking of testimony. *Cf. Barnes v. Director,* 240 Md. 32, 212 A. 2d 465 (1965).

In the case now before us leave to appeal will be granted, as to the third contention, and the case remanded to the lower court to await the final outcome of the *Daniels* case now pending in the Circuit Court for Prince George's County. As soon as possible thereafter, the Criminal Court of Baltimore shall determine the third contention raised by the applicant. Besides making provisions for an adequate record of the proceedings, the hearing judge shall make explicit findings of fact and expressly state his conclusions of law.

> *Application, as limited in the opinion, granted; and case remanded for further proceedings in accordance herewith.*