## TERMIN *v.* DIRECTOR OF PATUXENT INSTITUTION

[App. No. 115, September Term, 1964.]

*Decided July 25, 1966.*

Before PRESCOTT, C. J., and HAMMOND, HORNEY, MARBURY, OPPENHEIMER, BARNES and McWILLIAMS, JJ.

PER CURIAM.

This is an application for leave to appeal from an order of the Circuit Court for Montgomery County dated September 16, 1964, finding the applicant, Kenneth R. Termin, to be a defective delinquent and committing him to Patuxent Institution under the provisions of Article 31B of the 1957 Code.

On November 7, 1963, the petitioner pleaded guilty to the crime of assault and battery in the Circuit Court for Montgomery County and was sentenced to not more than two years in the Maryland Institution for Men and referred to Patuxent Institution for evaluation. On September 16, 1964, the appli-

cant was found to be a defective delinquent at a hearing before Judge Kathryn J. Shook and ordered returned to Patuxent Institution. The applicant petitions for leave to appeal as an indigent defendant and makes the following contentions which may be summarized as follows:

1. That according to the institutional report submitted at his hearing he is legally insane and should be released from Patuxent Institution and sent to Clifton T. Perkins Mental Hospital.

2. That the act is unconstitutional because it is vague and incapable of fair and certain application.

3. That the act is unconstitutional because it is an ex post facto law punishing past antisocial behavior not unlawful when engaged in.

4. That his confession of antecedent conduct given at Patuxent Institution was invalid and unconstitutional because it was given under threat of being placed in the seclusion block.

5. That if he had kept silent, as he had a constitutional right to do, this silence would have been construed as hostility and lack of cooperation and used in court against him.

6. That he was denied the right of competent counsel because counsel in this type of proceeding cannot protect a client from conviction upon incompetent evidence or evidence irrelevant to the issues.

7. That the act is unconstitutional because as it is construed and applied the applicant has the burden of proving that he is not a defective delinquent.

Counsel for the applicant in a supplemental petition raised the following contentions:

1. That deficiencies in the staff facilities and financing of the Patuxent Institution prevented, in accordance with constitutional guarantees, the proper medical and psychiatric examination to determine him a defective delinquent as defined in Article 31B of the Code.

The applicant's first contention is a bald allegation without factual support in the record. The institutional report specifically states: "There is no evidence of any psychotic symptomatology and the patient is correctly oriented in all spheres."

The applicant's second contention is without merit since we

have held that the Defective Delinquent Act is sufficiently definite and certain on its face so as not to constitute a deprivation of due process or equal protection. *State v. Roberson,* 222 Md. 518, 161 A. 2d 441 (1960) ; *Eggleston v. State,* 209 Md. 504, 121 A. 2d 698 (1956). See *Sas v. Maryland,* 334 F. 2d 506 (4th Cir. 1964).

As to the applicant's third contention, we have held that the Act is not an *"ex post facto* law". *Williams v. Director,* 232 Md. 632, 192 A. 2d 785 (1963) and cases cited therein.

The fourth contention is without factual support in the record. The evidence shows that the applicant was placed in seclusion for violating institutional rules prior to talking with a psychiatrist. The applicant's fifth and sixth contentions are merely allegations and conclusions without supporting evidence and were not raised below.

In regard to the applicant's seventh contention, we have held that the burden of proof is on the State and not on the applicant. *Dickerson v. Director,* 235 Md. 668-670, 202 A. 2d 765 (1964) ; *Purks v. State,* 226 Md. 43, 46, 171 A. 2d 726 (1961).

The contention submitted in a supplemental petition by the applicant's counsel raises a constitutional issue similar to the one raised in *Director v. Daniels,* 243 Md. 16, 221 A. 2d 397 (1966) and the contention is without merit for the reasons expressed by the Court in *Daniels.*

*Application denied.*