## JEFFERSON *v.* DIRECTOR OF PATUXENT INSTITUTION

[App. No. 38, September Term, 1965.]

*Decided July 25, 1966.*

Before PRESCOTT, C. J., and HAMMOND, HORNEY, MARBURY, BARNES and McWILLIAMS, JJ.

HORNEY, J., delivered the opinion of the Court.

This is an application for leave to appeal from an order of the lower court committing Raymond L. Jefferson to Patuxent Institution after a determination by a jury that he was a defective delinquent within the meaning of § 5 of Art. 31B of the Code (1965 Cum. Supp.).

The applicant was convicted of larceny and carrying a concealed weapon and was sentenced to a term of three years in the House of Correction to run from November 24, 1961. Following a series of events—his transfer to Patuxent for psychiatric evaluation, his being found by a jury to be a defective delinquent and his commitment to Patuxent as such a person—the applicant sought post conviction relief and was granted a new trial. Thereafter, having pled guilty at the new trial on October 14, 1963, he was resentenced to a term of three years in the House of Correction from November 24, 1961 as before and was returned to Patuxent for a reevaluation as to whether or not he was still a defective delinquent. Although the staff report, signed by the director, a medical physician and a staff psychiatrist and psychologist, bringing the psychiatric evaluation of the applicant to date was filed on March 16, 1964, five months and two days after his referral to Patuxent for a reevaluation, the defective delinquent hearing was not held until February 19, 1965. The record shows, however, that more than seven months of the ensuing eleven months delay was caused by postponements of the applicant.

The applicant contends: (i) that the staff report of the psychiatric reevaluation was not filed within the time required by Article 31B of the 1957 Code as amended; (ii) that the staff report was not in fact signed by the staff psychologist; and (iii) that the State failed to prove by a preponderance of the evidence that the applicant was a defective delinquent.

(i)

The contention that the staff report of the psychiatric reevaluation was not filed on time—apparently based on the as-

sumption that the report was not prepared until February 16, 1965, more than three months *after* the expiration of the sentence, when in fact the report was filed on March 16, 1964, more than eight months *before* the expiration of the sentence —is wholly without merit. Since the statute requires the report to be filed no later than six months from the date the person was received at Patuxent for reexamination (approximately April 14, 1964) or before the expiration of his sentence (November 24, 1964) whichever last occurs, it is apparent that the filing of the report on March 16, 1964, was well within the time required by the statute under either test.

(ii)

The contention that the staff report was not signed by the staff psychologist is likewise without merit. While it is true that none of the staff, including the psychologist, signed the initial psychiatric evaluation, all of them signed the letter transmitting the initial report to the court. With respect to the report concerning the psychiatric reevaluation only the director signed the letter of transmittal, but all of the staff, including the psychologist, signed the reevaluation report. Since the reevaluation brought the initial evaluation up to the date of the later hearing there was no reason why the director should not have based his testimony on the conclusions of the staff recorded in both reports.

(iii)

The final contention, since it goes only to the weight (and not the sufficiency) of the evidence, is not reviewable on an application for leave to appeal in a case tried by a jury. Although the psychiatrist whom the applicant had requested to examine him certified that in his opinion the applicant was no longer a defective delinquent, the examining medical physician, psychiatrist and psychologist on the staff were of the opinion that the patient had not improved. The credibility of such evidence was for the jury to determine.

*Application denied.*