## BISESI *v.* DIRECTOR OF PATUXENT INSTITUTION

[App. No. 34, September Term, 1965.]

*Decided July 25, 1966.*

Before Prescott, C. J., and Hammond, Horney, Marbury, Oppenheimer, Barnes and McWilliams, JJ.

Horney, J., delivered the opinion of the Court.

This is an application for leave to appeal from an order of the lower court dated April 5, 1965, recommitting Thomas V. Bisesi to Patuxent Institution after a determination by the court, sitting without a jury, that he was still a defective delinquent within the meaning of § 5 of Art. 31B (1965 Cum. Supp.).

The applicant had previously been convicted of burglary and larceny and sentenced on March 9, 1962 to a term of eighteen

months in the Maryland State Reformatory for Males. Subsequently, on February 1, 1963, the applicant was found to be a defective delinquent and was committed to Patuxent. The petition for a redetermination of the status of the applicant was filed on December 29, 1964.

In this application for leave to appeal filed on his behalf by his attorney, the applicant contends: (1) that the evidence was legally insufficient to support a finding of defective delinquency; (2) that the only witness for the State was Dr. Harold M. Boslow; (3) that his testimony was based on the conclusions of other staff members at Patuxent; (4) that the applicant had been improving at Patuxent; (5) that an aunt of the applicant could obtain a job for him; and (6) that the tests given to determine whether he was a defective delinquent were irregular and inconclusive.

All of the contentions concern the legal sufficiency of the evidence. In that situation, when the case has been tried by the court without a jury the judgment of the court will not be set aside on the evidence unless clearly erroneous. *Alt v. Director,* 240 Md. 262, 213 A. 2d 746 (1965); *Johns v. Director,* 239 Md. 411, 211 A. 2d 751 (1965). The record in this case indicates that the finding of the lower court was not clearly erroneous. Specifically, in *Alt* and again in *Murel v. Director,* 240 Md. 258, 213 A. 2d 576 (1965), it was held that conclusions of the staff, including the director, constitute a sufficient basis for the finding of defective delinquency. Contentions such as the fourth and fifth as to the rehabilitation of an applicant also concern (as did the first, second and third contentions) the legal sufficiency of the evidence. See *Silvestri v. Director,* 234 Md. 641, 199 A. 2d 784 (1964). The sixth contention that the tests were irregular and inconclusive was based only on a bald and meaningless assertion of fact that such tests were made at varying intervals and by different testers.

*Application denied.*