## CAPLIN *v.* DIRECTOR OF PATUXENT INSTITUTION

[App. No. 24, September Term, 1965.]

*Decided October 11, 1966.*

Before Hammond, C. J., and Horney, Marbury, Oppenheimer, Barnes and McWilliams, JJ.

Hammond, C. J., delivered the opinion of the Court.

This is an application for leave to appeal from an order of the Circuit Court for Montgomery County dated January 11, 1965, finding that the applicant is a defective delinquent and committing him to Patuxent Institution. Thomas W. Caplin previously had been convicted in the Circuit Court for Montgomery County of housebreaking, larceny and receiving stolen goods, and on May 14, 1963, he was sentenced to not more than two years in the Maryland Institution for Men. Subsequently, on February 4, 1964, a jury trial was held in the Circuit Court for Montgomery County to determine whether the applicant was a defective delinquent. The jury was unable to agree and was discharged. Another trial was held on January 11, 1965, before Judge Walter H. Moorman and a jury, and the jury found that the applicant was a defective delinquent.

In this application for leave to appeal, the applicant raises the following contentions:

1. That there was not an adjudication of the fact that the applicant would have been a defective delinquent within the period of his sentence taking into effect good and industrial time.
2. That a staff psychiatrist was allowed to testify although he had not examined the applicant until August 4, 1964, almost a year after an earlier examination by another staff member, and approximately six months after the original trial.
3. That neither the court, the State's Attorney, nor the applicant was provided with the Interval Note dated January 5, 1965, until the morning of the trial.
4. That Louis M. Florenzo was allowed to give his opinion that the applicant was a defective delinquent although the witness did not meet the qualifications for certification as a psychologist in Maryland, set forth in Art. 43 (1957 Code, as amended).

The applicant's first contention was answered in *Eggleston v. State,* 209 Md. 504 (1956). With regard to the second contention, the examination was part of the proper procedure for the determination of whether or not the applicant was a defective delinquent, and the examination was made before the applicant was released, and even before his sentence had expired. Thus it was in compliance with Art. 31B, § 6 (c). Insofar as the applicant's second contention also goes to weight to be afforded this examination at the trial, it must be rejected on this appeal. *Alt v. Director,* 240 Md. 262 (1965) ; *Blakney v. Director,* 239 Md. 704 (1965).

The applicant's third contention also must fail. Section 8 (b) of Art. 31B merely gives applicant's counsel a right to a copy of the report. No date is set for when the report must be received. There was no showing made below that applicant's counsel at any time requested a copy of the report. In any event, this contention falls on the authority of *Elliott v. Director,* 232 Md. 615 (1963), which held that where an applicant does not receive a copy of the report, but there is no showing that the point was raised below, the applicant has waived his right to have it considered on appeal.

Finally, with regard to applicant's fourth contention, Art. 43, §§ 619 and 620, requiring certification when one holds himself out "to the public" as a psychologist, does not of itself require certification of staff members at Patuxent. Article 31B nowhere requires that staff psychologists be certified pursuant to Art. 43. Because the applicant's objection was on the narrower grounds of qualification for certification rather than on grounds of scientific competence, we do not reach the question considered in *State v. Tull,* 240 Md. 49 (1964).

*Application denied.*