## TURNER *v.* DIRECTOR OF PATUXENT INSTITUTION

[App. No. 21, September Term, 1965.]

*Decided October 11, 1966.*

Before HAMMOND, C. J., and HORNEY, MARBURY, OPPEN-
HEIMER, BARNES and McWILLIAMS, JJ.

PER CURIAM.

This is an application for leave to appeal by William Turner
from a finding of the Criminal Court of Baltimore, Judge Meyer
M. Cardin sitting without a jury, that he is a defective delin-
quent, and the order of the court dated February 15, 1965,
committing him to the Patuxent Institution.

Turner was convicted of the larceny of an automobile on June 20, 1963, and sentenced to a term of not more than eighteen months in the Maryland House of Correction. He was referred to the Patuxent Institution on September 23, 1963, and in a report filed January 22, 1964, was said to be a defective delinquent. The court appointed counsel for him, and also obtained the services of an independent psychiatrist. It was this psychiatrist's opinion, filed February 15, 1965, that Turner was a defective delinquent.

In this current application for leave to appeal, Turner raises four contentions:

1. That the verdict was against the weight of the evidence.
2. That the testimony of the applicant indicated that he was ready to reenter society.
3. That the State's witness, Dr. Boslow, testified about conclusions rendered by other persons.
4. That the verdict violated the United States and Maryland Constitutions because:
   a. the applicant was denied his right of confrontation and cross-examination
   b. Article 31B amounts to cruel and unusual punishment
   c. the applicant's privilege against self-incrimination was violated when the applicant was forced to answer test questions at the Institution
   d. the statute is penal without the usual penal safeguards
   e. the statute violates the Due Process, Equal Protection, and Privileges and Immunities clauses of the federal Constitution.

The first contention must fail since the Court has consistently held that questions as to the weight of the evidence are not available on application for leave to appeal if, in a non-jury case, the finding of the lower court is not clearly erroneous. *Alt v. Director*, 240 Md. 262 (1965); *Blakney v. Director*, 239 Md. 704 (1965); *Colbert v. Director*, 234 Md. 639 (1964). With regard to the applicant's second contention this Court has held that evidence of rehabilitation goes to the weight of the evidence. *Silvestri v. Director*, 234 Md. 641 (1964). Applicant's third contention is likewise without merit. We have held repeatedly that Dr. Boslow's testimony is not inadmissible be-

cause it relies in part on the reports of other trained persons. *Murel v. Director,* 240 Md. 258 (1965); *Gilliard v. Director,* 237 Md. 661 (1965). The applicant had the right to summon any of the persons whose names appear on such reports. *Blakney v. Director, supra.*

Finally, the various points raised in the applicant's fourth contention have been fully considered and rejected in *Director v. Daniels,* 243 Md. 16 (1966).

*Application denied.*