## STANSBURY *v.* DIRECTOR OF PATUXENT INSTITUTION

[App. No. 18, September Term, 1965.]

*Decided October 14, 1966.*

734

Before Hammond, C. J., and Horney, Marbury, Oppen-heimer, Barnes, and McWilliams, JJ.

Per Curiam.

In his application for leave to appeal from an order of the Criminal Court of Baltimore finding that applicant is still a Defective Delinquent, he raises two basic contentions:

1) That the testimony of Dr. Boslow was based in part on conclusions of other staff members at Patuxent and,

2) That since applicant is a first offender convicted of a misdemeanor he does not fit the statutory definition of defective delinquent.

As is pointed out in the memorandum submitted by the Attorney General, several cases have held that the Director of Patuxent may base his opinion on the reports of his staff members; therefore, applicant's first contention is without merit. *Alt v. Director*, 240 Md. 262 (1965); *Murel v. Director*, 240 Md. 258 (1965).

Applicant's second contention is likewise without merit since he was convicted of a misdemeanor punishable by commitment in the penitentiary (automobile larceny) and therefore fits the statutory definition of a defective delinquent.

For these reasons, his application for leave to appeal must be denied.

*Application denied.*