## WITHERS *v.* DIRECTOR OF PATUXENT INSTITUTION

[App. No. 96, September Term, 1965.]

*Decided November 17, 1966.*

Before HAMMOND, C. J., and HORNEY, MARBURY, BARNES and McWILLIAMS, JJ.

PER CURIAM.

This is an application for leave to appeal by William C. Withers from an order of the Criminal Court of Baltimore, Judge Meyer M. Cardin sitting without a jury, finding that Withers is a defective delinquent. The order, dated June 14, 1965, committed him to the Patuxent Institution.

Withers was convicted in the Criminal Court of Baltimore of larceny on October 21, 1964, and was sentenced to a term of not more than eighteen months in the Maryland Correctional Institution. On the same day he was referred to Patuxent Institution. In a report filed on April 8, 1965, it was recommended that he be committed as a defective delinquent. The court appointed counsel for him, and also obtained the services of an independent psychiatrist. It was this psychiatrist's opinion, filed June 7, 1965, that without treatment Withers would "more than likely continue his anti-social activities."

In this application for leave to appeal, Withers raises five contentions:

1. That there was no evidence legally sufficient to support the lower court's finding of defective delinquency.

2. That the verdict was against the weight of the evidence.

3. That the only testimony was that of Dr. Harold Boslow, who testified in part from the reports of others.

4. That the applicant was denied his right to cross-examination.

5. That the testimony of the applicant showed that he did not require the controls imposed by Patuxent Institution.

First examining the applicant's third contention, we have repeatedly held that Dr. Boslow's testimony is not inadmissible because it relies in part on the reports of other members of his staff. *Murel v. Director*, 240 Md. 258 (1965); *Gilliard v. Director*, 237 Md. 661 (1965). The applicant had the right to

704

summon any of the persons whose names appear on such reports. *Blakney v. Director,* 239 Md. 704 (1965).

In light of the admissibility of Dr. Boslow's testimony, the applicant's first contention also must fail. Dr. Boslow's testimony, based in part on the report and recommendations of the staff of the Patuxent Institution, was the principal basis of the finding of defective delinquency and constitutes a legally sufficient basis for such a finding. *Alt v. Director,* 240 Md. 262 (1965) ; *Washington v. Director,* 237 Md. 311 (1965).

The applicant's second and fifth contentions deal solely with the weight of the evidence. This Court has consistently held that questions as to the weight of the evidence are not available on application for leave to appeal if, in a non-jury case, the finding of the lower court is not clearly erroneous. *Alt v. Director, supra; Blakney v. Director, supra; Colbert v. Director,* 234 Md. 639 (1964). The finding of the lower court here is not clearly erroneous.

Finally, the applicant's fourth contention has been fully considered and rejected in *Director v. Daniels,* 243 Md. 16 (1966).

*Application denied.*