# WINKLER v. DIRECTOR OF PATUXENT INSTITUTION

[App. No. 116, September Term, 1965.]

*Decided November 18, 1966.*

Before HAMMOND, C. J., and HORNEY, MARBURY, BARNES and McWILLIAMS, JJ.

PER CURIAM.

This is an application for leave to appeal from an order of the lower court dated October 18, 1965, recommitting John Edward Winkler, Jr., to Patuxent Institution after a redetermination by the court, sitting without a jury, that he was still

a defective delinquent within the meaning of § 5 of Art. 31B of the Code (1965 Cum. Sup.).

The applicant had previously been convicted of burglary and sentenced on June 1, 1961, to a term of two years in the Reformatory for Males. Subsequently, on June 25, 1962, the applicant was found to be a defective delinquent and was committed to Patuxent. The petition for a redetermination of the status of the applicant was filed on May 6, 1965.

In this application for leave to appeal filed by his attorney, the applicant contends: (1) that the evidence was legally insufficient to support a finding of defective delinquency; (2) that the testimony of the applicant indicated that he was ready to reenter society; (3) that the only witness for the State was Dr. Harold M. Boslow and that his testimony was based on the conclusions of others; and (4) that the State failed to show that he was being given any treatment.

The first three contentions concern the legal sufficiency of the evidence. In this circumstance, when the case has been tried by the court without a jury, the judgment of the court will not be set aside on the evidence unless clearly erroneous and the record indicates that it was not. *Bisesi v. Director,* 243 Md. 605; *Muhly v. Director,* 244 Md. 704. The second contention as to the readiness of the applicant to reenter society and the third contention that the testimony of the only witness (Dr. Boslow) was based on the conclusions of others also concern the legal sufficiency of the evidence. See *Bisesi v. Director, supra.* The fourth contention that he was not receiving treatment is refuted by the record. The applicant has been, and is still being, given treatment from time to time, but, because of his immaturity, impulsiveness and hostility, he needs to be kept in a strictly supervised environment which he resents. With regard to the supplemental contention, which we assume is a claim that the decision in *Schowgurow v. State,* 240 Md. 121, entitles him to a new trial, we need only point out that his conviction of burglary became final long before October 11, 1965. See *Waller v. Director,* 244 Md. 229.

*Application denied.*