KRONEBURG *v.* DIRECTOR OF PATUXENT
INSTITUTION

[App. No. 41, September Term, 1965.]

*Decided January 6, 1967.*

Before HAMMOND, C. J., and HORNEY, OPPENHEIMER, BARNES and McWILLIAMS, JJ.

PER CURIAM.

Kenneth Michael Kroneburg seeks leave to appeal from a determination made on April 27, 1965 by a jury in the Circuit Court for Baltimore County (Lester L. Barrett, J.) that he is a defective delinquent within the meaning of Code (1957, 1966 Supp.), Art. 31 B, § 5. The applicant, who was previously convicted of rape in the Circuit Court for Baltimore County on November 13, 1963, and sentenced to a term of 5 years, makes the following allegations in support of his application: (1) that he was falsely accused of having been committed to Spring Grove; (2) that he was not proved to be a defective delinquent; (3) that the State's Attorney and the Director of Patuxent Institution committed perjury at the defective delinquency hearing; (4) that the doctors at Spring Grove State Hospital "let me go"; and (5) that the grand jury which indicted him was unconstitutionally constituted because its members were required to affirm a belief in God.

Contentions (1) and (3) are bald assertions without supporting facts in the record and as such afford no grounds for appeal. *Termin v. Director,* 243 Md. 689, 221 A. 2d 658 (1966), *McNeal v. Director,* 239 Md. 407, 211 A. 2d 737 (1965), and cases therein cited.

The second contention goes to the weight of the evidence and thus is not a proper ground for appeal. *Caplin v. Director,* 244 Md. 103, 223 A. 2d 166 (1966); *West v. Director,* 243 Md. 715, 222 A. 2d 639 (1966); *Jefferson v. Director,* 243 Md. 607, 221 A. 2d 660 (1966).

The applicant's fourth contention is that the doctors at Spring Grove State Hospital let him go. There is no reference of any kind in the record to Spring Grove Hospital and thus it stands as a bald allegation without supporting facts. Moreover, such an assertion is immaterial, for insanity is not the test of defective delinquency. See *Fairbanks v. Director,* 237 Md. 447, 206 A. 2d 699 (1965).

The fifth and final contention has been fully considered and rejected by this Court in *Mastromarino v. Director,* 244 Md. 645, 224 A. 2d 674 (1966).

*Application denied.*