## HALL *v.* DIRECTOR PATUXENT INSTITUTION

[App. No. 57, September Term, 1965.]

*Decided February 15, 1967.*

Before HAMMOND, C. J., and HORNEY, MARBURY, OPPEN-
HEIMER and BARNES, JJ.

PER CURIAM.

After a jury determined that David V. Hall was still a de-
fective delinquent and he was recommitted to Patuxent Institu-
tion by order of the Circuit Court for Montgomery County
(Shure, J.) dated February 2, 1965, Hall filed an application
for leave to appeal. We consider the applicant's contentions in
the order that they were raised.

I.

The applicant claims the instructions of the trial judge were
weighted in favor of the State and against the appellant. He
first contends that it was error for the court to tell the jury that
the "expert findings of the personnel at Patuxent are to be ac-
corded very serious consideration because of their personnel,
* * * their facilities * * * and the type of institution," while
not mentioning the qualifications and findings of the defense
psychiatrist. Statements similar to this instruction have been
made by us when passing on the sufficiency of the evidence.
*Purks v. State*, 226 Md. 43, 171 A. 2d 726 (1961); *Cooper
v. Director*, 234 Md. 622, 198 A. 2d 301 (1964); *Muhly v.
Director*, 234 Md. 624, 198 A. 2d 244 (1964); *Silvestri v.
Director*, 234 Md. 641, 199 A. 2d 784 (1964); *Washington v.
Director*, 237 Md. 311, 206 A. 2d 244 (1965). We have never
stated or implied, however, that the jury should be instructed
on the weight to be given to evidence of *any* type. On the con-
trary, as Judge Sloan stated in *Western Maryland Dairy Cor-
poration v. Brown*, 169 Md. 257, 268, 181 Atl. 468 (1935):

> "His [the trial judge's] attitude should be, as be-
> tween the parties, one of strict impartiality, and he
> should make no remark or comment which would tend
> to minimize the value, weight, or effect of the evi-
> dence."

But comments on the evidence are usually not grounds for
reversal if they are corrected by proper instructions to the jury.
"Ordinarily, a caution to the jury that it should disregard any

expression of opinion by the court, and the advice to them that they are the judges of all questions of fact, will be sufficient unless, as sometimes happens, the admonition is worse than the offense." *Western Maryland Dairy v. Brown, supra;* see also *Nicholson v. Blanchette,* 239 Md. 168, 210 A. 2d 732 (1965) ; *Crews v. Director,* 245 Md. 174, 225 A. 2d 436 (1967).

Judge Shure's instructions, viewed in their entirety, clearly corrected his comment on the weight of the evidence :

> "What I say to you about the facts is advisory only, because you twelve ladies and gentlemen are the determiners of the weight to be given to the evidence.
>
> "Now you just have one question to answer, and that is whether or not this man is a defective delinquent, David Vernon Hall !"

And again,

> "* * * Now he is entitled to have his examination and his witnesses, and it is for you to determine the weight to be given to the evidence * * *."

And again,

> "It is your job to decide the weight to be given to the evidence, and I know you will give it careful consideration."

We think the defendant was not prejudiced by the judge informing the jury that the defendant would receive treatment if sent to Patuxent, since treatment is expressly contemplated under Article 31B, section 5. As the above quoted instructions show, the jury was plainly told that its sole function was to decide the question before it, i.e., "whether or not this man [the defendant] is a defective delinquent."

After a careful review of the instructions, we disagree with the applicant's final objection to them, that the trial judge emphasized the State's case while minimizing the defendant's case. Besides the comments about the weight of certain evidence, already discussed, nothing possibly prejudicial to the defendant was said about the State's evidence.

## II.

The trial judge declined to instruct the jury that they were judges of law and fact and that the State was required to prove its case beyond a reasonable doubt. Neither of these contentions have merit because Article 31B proceedings are civil in nature. *Blizzard v. State,* 218 Md. 384, 147 A. 2d 227 (1958) ; *Purks v. Director, supra; Daniels v. Director,* 243 Md. 16, 221 A. 2d 397 (1966).

## III.

There was no error in permitting Dr. Florenzo, a staff psychologist at Patuxent, to express an opinion that the applicant was a defective delinquent, even though he failed to produce the tests upon which that opinion was based. The admission of this hearsay testimony did not violate either the Fourteenth Amendment or the law of this State. "The discovery and other procedures which, under the statute and within Maryland's Rules may be utilized by the defendant, affords full protection against any possible damage resulting from the broadening of the hearsay rule in these hearings." *Daniels v. Director, supra.* As *Daniels* makes clear, these procedural safeguards are available in redetermination hearings under Article 31B, section 10, as well as under section 7(a). There is no allegation that the defendant attempted to discover the tests or that the court refused a request that they be produced at trial. A Patuxent staff psychologist—in fact, Dr. Florenzo—has been held competent to render an opinion on the question of whether the defendant is a defective delinquent. *Caplin v. Director,* 244 Md. 103, 223 A. 2d 166 (1966), where, as here, his scientific competence is unchallenged.

## IV.

Also without merit is the applicant's contention that Article 31B is unconstitutional as applied because the triers of fact were required to depend upon individual opinions of the ultimate question. There is no Constitutional impediment to a State liberalizing the admissibility of opinion evidence. *Daniels v. Director, supra* at 48, 221 A. 2d at 416, and cases cited therein.

## V.

Since the applicant does not claim that he was prejudiced in

692

any way by the fact that the jurors were required to affirm a belief in God, his contention in this regard is not grounds for reversal. *Mastromarino v. Director,* 244 Md. 645, 224 A. 2d 674 (1966).

*Application denied.*