## MAXIMILIANOE PAUL CHAVEZ *v.* DIRECTOR, PATUXENT INSTITUTION

[No. 76, September Term, 1967.]

*Decided September 13, 1968.*

Before MURPHY, C.J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

PER CURIAM.

This is an application for leave to appeal from an order of March 13, 1967 by Judge Joseph R. Byrnes, sitting in the Crimi-

nal Court of Baltimore, determining that applicant Maximilianoe Paul Chavez is still a defective delinquent as defined in Maryland Code, Article 31B, Section 5 (1967 Repl. Vol.).

Applicant was originally convicted in the Criminal Court of Baltimore on April 17, 1962 of larceny and related crimes by Judge Shirley B. Jones and sentenced on that day to not more than three years in the Maryland State Reformatory For Males, the sentence to date from January 15, 1962. On February 10, 1964 an order was entered transferring the applicant to Patuxent Institution for examination as a possible defective delinquent. A medical report was filed on June 15, 1964 by the Director of Patuxent Institution recommending that the applicant be committed as a defective delinquent. On January 18, 1965 the applicant was found to be a defective delinquent by Judge Meyer M. Cardin and was then committed to Patuxent Institution. An application for leave to appeal was denied by the Court of Appeals on October 11, 1966. *Chavez v. Director*, 243 Md. 725.

An Interval Psychiatric Report, dated February 14, 1967, prepared by the institutional staff, recommended that the applicant continue to be classified as a defective delinquent. A psychiatric report of Philip F. Lerner, M.D., on March 3, 1967, concluded that the applicant was no longer classifiable as a defective delinquent. On March 13, 1967, petitioner was brought before Judge Joseph R. Byrnes, sitting without a jury, in a redetermination hearing and was found on that date to still be a defective delinquent.

In his application for leave to appeal the applicant contends that his recommitment to Patuxent Institution was against the weight and sufficiency of the evidence, and that the State did not prove by a preponderance of the evidence that the applicant was still a defective delinquent.

Defective delinquent proceedings, being civil in nature, require a fair preponderance of proof to sustain a finding, the burden of persuasion being upon the State to show that the party is or remains a defective delinquent. *Dickerson v. Director*, 235 Md. 668; *Purks v. State*, 226 Md. 43; *Blizzard v. State*, 218 Md. 384. The Court of Appeals has frequently indicated that the conclusions of the staff at Patuxent, including the opinion

of the Institution's director, constitute a sufficient basis to justify a finding that the applicant remains a defective delinquent. *Alt v. Director,* 240 Md. 262, 263. See also *Murel v. Director,* 240 Md. 258; *Oppel v. Director,* 237 Md. 611. It is also established that when the proceeding has been heard by the lower court judge without a jury, as is the instance here, unless clearly erroneous, the judgment of the lower court will not be set aside, due regard having been afforded the lower court to judge the credibility of the witnesses. Maryland Rule 1086; *Brooks v. State,* 3 Md. App. 485; *Alt v. Director, supra,* at 263, 264; *Johns v. Director,* 239 Md. 411.

In *Duke v. Director,* 232 Md. 651, the Court of Appeals said at pp. 652-653:

> "The basis of the present application, which is supported by a brief of counsel submitted on his behalf, is that Judge Byrnes' determination is alleged to be against the weight of the evidence. An examination of the record shows that the applicant has made substantial progress towards rehabilitation, but that there is a difference of opinion between the psychiatrist selected by him and the psychiatrist who is the Superintendent of the Patuxent Institution and other members of the Patuxent staff, including a psychiatrist who had very recently examined him, as to whether the applicant had so far recovered as to have ceased to be a defective delinquent. The Superintendent's prognosis was 'reasonably hopeful with continued supervision and treatment.' * * *.
>
> "After an extensive hearing Judge Byrnes concluded that the applicant was not yet ready for release and that he continued to be a defective delinquent. We find no sufficient basis in the record to warrant our holding that Judge Byrnes' determination, which was primarily one of fact, was erroneous. * * *."

We find *Duke* completely apposite on the facts of the instant case and, accordingly, the application for leave to appeal is denied.

*Application denied.*